UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| JUN YU,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>IDAHO STATE UNIVERSITY, JOHN/JANE DOES I-X,<br><br>　　Defendants. | Case No.: 4:15-cv-00430-REB<br><br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court are Plaintiff's Motion to Compel Production of Student Records (Dkt. 21) and Plaintiff's Motion to Amend Complaint under Fed. R. Civ. P. 15(a)(2) (Dkt. 22).  Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Jun Yu, a citizen of the People's Republic of China, is a former graduate student at Idaho State University ("ISU" or "the University") and brings a discrimination case against the University in violation of Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d *et. seq*. Plaintiff was one practicum away from receiving his Ph.D in Clinical Psychology when he was dismissed from the doctoral program.  Plaintiff alleges his rights under Title VI were violated

**MEMORANDUM DECISION AND ORDER- 1**

because the University discriminated against him due to his national origin and he also alleges that he was denied procedural due process in violation of the Fourteenth Amendment. *See*, *generally*, Complaint, Dkt. 1.

### PLAINTIFF'S MOTION TO COMPEL

In his motion to compel, Plaintiff seeks the complete student records of all students who were enrolled at the University and pursuing a doctorate degree in Clinical Psychology between 2008 and 2015.[1] Plaintiff seeks these documents to prove that his treatment as an Asian international student as compared to non-minority students enrolled in the same doctoral program violated Title VI standards in regard to assessment, placement, remediation, and other academic factors.

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery:

> [R]egarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

If an answering party fails to adequately respond to discovery requests or fails to make a required disclosure by Fed. R. Civ. P. 26(a), the propounding party can move for an order compelling discovery under Fed. R. Civ. 37(a).

ISU responds that the Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g(b)(2)) requires Plaintiff to satisfy a "significantly higher burden" to gain access to

---

[1] Plaintiff attended ISU from 2008 through May 2013.

**MEMORANDUM DECISION AND ORDER- 2**

student information and Plaintiff has not satisfied this burden because he has not demonstrated that it would be "impossible" to prove his case without this discovery.

Among other things, FERPA provides for the withholding of federal funds from educational institutions which have policies or engage in practices that result in the disclosure of students' educational records or personally identifiable information without the written consent of their parents. The purpose of FERPA is to "assure parents of students . . . access to their education records and to protect such individuals' right to privacy by limiting the transferability (and disclosure) of their records without their consent." *Rios v. Read*, 73 F.R.D. 589, 597 (E.D.N.Y. 1977) (quoting 120 Cong. Rec. S21497 (daily ed. Dec. 13, 1974) (joint remarks of Sen. Buckley and Sen. Pell)).

FERPA does not provide a privilege that prevents disclosure of student records. *Id*. at 598. Rather, "by threatening financial sanctions, it seeks to deter schools from adopting policies of releasing student records." *Id*. Under the provisions of the statute, a school is not subject to sanctions for disclosure of education records covered by FERPA when such disclosure was made pursuant to judicial order or lawfully issued subpoena. *Id.*; *see also* 20 U.S.C. § 1232g(b)(2)(B).

The "privacy violations" that result from any disclosure of FERPA-protected education records are "no less objectionable simply because release of the records is obtained pursuant to judicial approval unless, before approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students." *Rios*, 73 F.R.D. at 599. A party seeking disclosure of education records bears a "significantly heavier burden . . . to justify disclosure than exists with respect to discovery of other kinds of information, such as business records." *Id*. at 598. Courts have allowed

**MEMORANDUM DECISION AND ORDER- 3**

disclosure of education records when the moving party has met this "significantly heavier burden" to show its interests outweigh the students' privacy interests.  *See, e.g.*, *Craig v. Yale Univ. Sch. of Med.*, 2012 WL 1579484, *2 (D. Conn. May 4, 2012) (court allowed discovery of names and personnel files of all medical school residents in the OB/GYN Residency Program who were subjected to discipline or performance improvement plans in plaintiff's case for discrimination on the basis of race and color); *Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 292-93 (E.D.N.Y. 2008) (allowing disclosure of student records in a teacher's lawsuit against school district for discrimination based on disability, age, and national origin); *Davids v. Cedar Falls Cmty. Sch.*, 1998 WL 34112767, *3 (N.D. Iowa Oct. 28, 1998) (finding plaintiff's need for disclosure of records, which would help him attempt to prove his allegations that his school "engaged in a practice of disparate discipline of minority and non-minority students," outweighed the students' privacy interests).

  Plaintiff contends it is necessary for him to compare the progress of individual students in ISU's doctoral program in Clinical Psychology during the relevant period of 2008-2015 so that he can provide his case of disparate treatment.  Plaintiff argues he must be able to compare his treatment to that of non-minority students in the same program.  The University asserts that Plaintiff has failed to meet his heavy burden of "impossibility" – that is, Plaintiff must show that his claim would be *impossible* to prove without the educational records he seeks.  *See* Def.'s Resp. (Dkt. 23), pp. 6-7 (citing to *Rios v. Read*, 73 F.R.D. 589, 599 (E.D.N.Y. 1977) (plaintiff had met required showing of need by showing that "[i]f the educational treatment of Hispanic children in Patchogue-Medford violates Title VI standards, it nonetheless would be impossible to provide unless the plaintiffs could trace the progress of the individual students.")).  Courts that

**MEMORANDUM DECISION AND ORDER- 4**

have followed the *Rios* decision, while relying on it, have not adopted an "impossibility" standard. Instead, the courts have described the burden in seeking such education records as a "heavier" one but one that is met when the documents were relevant to the claims and outweighed the students' privacy interests. *See, e.g., Ragusa,* 549 F.Supp.2d at 293 (finding that records requested by plaintiff were "relevant on the issue of pretext"); *David*s, 1998 WL 34112767, *3 (finding plaintiff's need for records to prove disparate discipline outweighed students' privacy interests).

Relevance under Rule 26 has "been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).[2] The Court finds the records requested by Plaintiff are relevant to his claim of discrimination based on national origin and his allegations at this stage in the proceedings are sufficient to warrant production of these materials. Plaintiff's need for these records sufficiently outweigh the students' privacy interest, when such interests are otherwise protected through alternative means. In that regard, the Court sees no reason for the identifying information of the other students be disclosed, other than as to nationality and ethnic origin, if known. The parties are ordered to attempt to reach agreement in good faith upon appropriate redactions to the information contained in such records, the use of the records, and the limited distribution and protection of such materials, along with provisions for their return. A proposed stipulated order should be submitted to the Court not later than 14

---

[2] The Court is mindful that the objects of relevancy have changed from when the *Oppenheimer Fund* decision was issued, in that Rule 26(b)(1) now limits discovery in general to any "nonprivileged matter that is relevant to any party's claim or defense...." However, there is no question but that the information at issue here pertains to Plaintiff's claims in this case.

**MEMORANDUM DECISION AND ORDER- 5**

days from the date of this Order.  The protective order shall address notifying the students before the records are disclosed in accordance with FERPA, 20 U.S.C. § 1232g(b)(2)(B).  If the parties cannot agree, each party is to submit a proposed protective order no later than 14 days from the date of this Order.

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff seeks to amend his complaint to add several breach of contract claims, promissory estoppel, and a violation of Plaintiff's substantive due process rights.

Generally, a motion to amend is analyzed under Fed. R. Civ. P. 15(a).  Rule 15(a) is a liberal standard and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 1006).  However, where a party seeks to amend a pleading after the deadline to amend pleadings set forth in the court's scheduling order has passed, Rule 16(b)'s "good cause" standard applies.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Id*.  The existence of prejudice to the opposing party may supply additional reasons to deny a motion, but the real focus of the inquiry is upon the moving party's reasons for seeking the amendment.  *Id*.  "If that party was not diligent, the inquiry should end."  *Id*.

The Court finds that Plaintiff has made the required showing of diligence.  The deadline for amendment of pleadings in this case was December 30, 2015.  Plaintiff received the University's response to his discovery requests on February 5, 2016.  Plaintiff received his last expert report on March 23, 2016.  Plaintiff contends that after reviewing the discovery produced by the University and reviewing the opinions of his experts and conducting legal research, he sought leave to amend his complaint and filed this motion on April 8, 2016.

**MEMORANDUM DECISION AND ORDER- 6**

The University opposes Plaintiff's motion and argues that the new allegations contained in the proposed amended complaint were already known to Plaintiff well before the filing of the initial complaint in September of 2015.

The Court finds that good cause exists to allow Plaintiff to amend his complaint. Plaintiff moved for leave to amend within a relatively short time period after receiving the University's discovery requests that enabled him to allege these additional causes of action. Plaintiff asserts that until he had the discovery responses and could consult experts, he could not allege the breach of contract and substantive due process claims in such terms that it would satisfy Rule 8's pleading standard and not run afoul of Rule 11.

Next the Court must look to Rule 15(a) which supplies a more liberal standard than Rule 16(b). Rule 15(a) provides that, except for amendments allowed as a matter of course, "a party may amend its pleadings only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15's liberal amendment policy contributes to the over arching policy of the Federal Rules of Civil Procedure - "to facilitate a proper decision on the merits," *Conley v. Gibson*, 355 U.S. 41, 48 (1957) - by allowing parties to have an opportunity to present their best case based on claims and defenses that, for one reason or another, may have become apparent only after the pleadings have been filed. A district court need not grant leave to amend where the amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). In exercising its discretion with regard to the amendment of pleadings, "a court must be guided by the underlying purpose of Rule 15–to facilitate a decision on the merits rather

**MEMORANDUM DECISION AND ORDER- 7**

than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). Indeed, the "'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), by freely granting leave to amend when justice so requires.'" *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir.1986) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973)).

There is no evidence of bad faith or undue delay on the part of Plaintiff. Bad faith requires a showing that a plaintiff is seeking to prolong the litigation by adding new but baseless legal theories. *Griggs v. Pace American Group, Inc*., 170 F.3d 877, 881 (9th Cir. 1999). That is not the case here. While there might be some delay caused by allowing the amendment, that is the result of the timing of the Court's ruling, not the timing of when the motion was filed. The University also has not shown that amendment would be futile. In that leave to amend should be "freely given," the Court will grant Plaintiff's request for leave to amend.

//
//
//
//
//
//
//
//
//
//

**MEMORANDUM DECISION AND ORDER- 8**

**ORDER**

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion to Compel (Dkt. 21) is GRANTED and the parties shall file a stipulated protective order governing the production and disclosure of the records within 14 days; and

2) Plaintiff's Motion to Amend (Dkt. 22) is GRANTED. Plaintiff shall file an amended complaint within 10 days of this Order.

DATED: **March 27, 2017**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER- 9**