Michael E. Kelly, ISB #4351
Jon T. Simmons, ISB #5006
Shannon M. Graham, ISB #10092
KELLY, TALBOY & SIMMONS, PA
380 E. Parkcenter Blvd., Suite 200
Post Office Box 856
Boise, Idaho  83701
Telephone  (208) 342-4300
Facsimile   (208) 342-4344
2800.032\Answer to Amended Complaint.wpd

Attorneys for Defendant Idaho State University

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUN YU<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>IDAHO STATE UNIVERSITY,<br><br>and<br><br>JOHN/JANE DOES I through X, whose true identities are presently unknown,<br><br>　　　　　Defendants. | Case No. 4:15-cv-00430<br><br>ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

COMES NOW Defendant IDAHO STATE UNIVERSITY (sometimes hereinafter "Defendant ISU"), by and through its attorneys of record, Kelly, Talboy & Simmons, PA., and answers Plaintiff's First Amended Complaint and Demand for Jury Trial as follows:

AMENDED TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 1

**FIRST DEFENSE**

The Plaintiff's First Amended Complaint fails to state a claim against Defendant ISU upon which relief can be granted.

**SECOND DEFENSE**

**I.**

Defendant ISU denies each and every allegation of the Plaintiff's First Amended Complaint not herein expressly and specifically admitted.

**II.**

Defendant ISU lacks knowledge sufficient to either admit or deny the allegations contained in paragraphs 1, 14, 20, 30, 31, 33, 34, 36, 38, 39, 40, 42, 45, 49, 51, 52, 54, 55, 56, 57, 67, 68, 70, 71, 72, 73, 78, 84, 85, 86, 87, 114, 122, 132, 134, 139, 141, 150, 161, 175, 201 and 264 of Plaintiff's First Amended Complaint.

**III.**

Defendant ISU admits the allegations contained in paragraphs 2, 3,6-8, 19, 21, 35, 43, 66, 69, 80, 81, 83, 88, 104, 110-113, 128, 162-166, 280-282, and 295-318 of Plaintiff's First Amended Complaint.

**IV.**

Defendant ISU specifically denies the allegations contained in paragraphs 13, 32, 37, 47, 48, 50, 58, 65, 74, 75, 77, 100, 101, 105, 106, 120, 121, 123-127, 129, 131, 133, 135, 140, 142, 143, 151-154, 157-160, 167-171, 173, 174, 176, 182-193, 200, 202, 283, 340, 345-350, 352, 353, 355, 356, 357, 358, 359, 361, 362, 364-367, 380, 382-384, 386-392, 394-402, 404-406, 408-411, 413-417, 419, 422, 424-427, 429-431, and 433-435 of Plaintiff's First Amended Complaint.

V.

In answering paragraph 4 of Plaintiff's First Amended Complaint, Defendant ISU admits that this Court has jurisdiction to resolve Plaintiff's federal causes of action.

VI.

In answering paragraph 5 of the Plaintiff's First Amended Complaint, Defendant ISU admits that Plaintiff's federal causes of action are brought in the appropriate venue pursuant to 28 U.S.C. § 1391(b)(1).

VII.

In answering paragraph 9 of Plaintiff's First Amended Complaint, Defendant ISU admits that on July 30, 2013 Plaintiff's appeal was denied.

VIII.

In answering paragraphs 10 and 11 of the Plaintiff's First Amended Complaint, Defendant ISU admits that on October 2, 2013, Plaintiff presented his case before the Graduate Council and was advised that his appeal was denied.

IV.

In answering paragraph 12 of the Plaintiff's First Amended Complaint, Defendant ISU admits that Plaintiff filed a Notice of Tort Claim on or about March 15, 2014 and that he was not granted his requested relief.

X.

In answering paragraphs 15, 16, 17 and 18 of Plaintiff's First Amended Complaint, Defendant ISU admits that in 2008, Plaintiff was accepted into ISU's graduate program, attended ISU until 2013, and was an international student who identified himself as Chinese.

## XI.

In answering paragraphs 22 to 29 Plaintiff's First Amended Complaint, Defendant ISU admits that it must adhere to applicable law, including that which concerns discrimination on the basis of race or national origin.

## XII.

In answering paragraph 41 of Plaintiff's First Amended Complaint, Defendant ISU admits that student handbooks existed during the 2011-2012 and 2012-2013 school years.

## XIII.

In answering paragraph 44 of Plaintiff's First Amended Complaint, Defendant ISU admits that the externship was not required.

## XIV.

In answering paragraph 46 of Plaintiff's First Amended Complaint, Defendant ISU admits that on November 4, 2011, Plaintiff was dismissed from his externship because of deficient performance.

## XV.

In answering paragraph 53 of Plaintiff's First Amended Complaint, Defendant ISU admits that Dr. Landers' letter contained the excerpts quoted in paragraph 53.

## XVI.

In answering paragraphs 59 to 64 of Plaintiff's First Amended Complaint, Defendant ISU admits Plaintiff raised complaints with Defendant ISU staff and that his language skills were inadequate.

**XVII.**

In answering paragraph 76 of the Plaintiff's First Amended Complaint, Defendant ISU admits that completing an internship requires both obtaining an internship and completing said internship.

**XVIII.**

In answering paragraph 79 of the Plaintiff's First Amended Complaint, Defendant ISU admits that Plaintiff was not guaranteed to be matched with the APPIC internships to which he applied.

**XIX.**

In answering paragraph 82 of Plaintiff's First Amended Complaint, Defendant ISU admits that Plaintiff chose not to construct an internship in China.

**XX.**

In answering paragraphs 89 to 99 of Plaintiff's First Amended Complaint, Defendant ISU admits that Plaintiff was instructed to follow APPIC standards when constructing his internship and that he was advised about, and formally acknowledged, issues concerning due process in regard to his internship proposal.

**XXI.**

In answering paragraphs 102 and 103 of Plaintiff's First Amended Complaint, Defendant ISU admits that Plaintiff's internship proposal was accepted and established in Fall 2012.

**XXII.**

In answering paragraphs 107 to 109 of Plaintiff's First Amended Complaint, Defendant ISU admits Plaintiff began his internship while enrolled at ISU.

## XXIII.

In answering paragraphs 115 to 119 of Plaintiff's First Amended Complaint, Defendant ISU admits that Plaintiff's performance of his internship was monitored and that such performance was deficient.

## XXIV.

In answering paragraph 130 of Plaintiff's First Amended Complaint, Defendant ISU admits that Plaintiff was dismissed from his internship.

## XXV.

In answering paragraphs 136 to 138 of Plaintiff's First Amended Complaint, Defendant ISU admits that on May 3, 2013 it informed Plaintiff that he was dismissed from the doctoral program in clinical psychology due to performance deficiencies and that such decision was supported by faculty.

## XXVI.

In answering paragraphs 144 to 149 of Plaintiff's First Amended Complaint, Defendant ISU admits that Plaintiff has been advised that he may obtain his MS degree in psychology but that Plaintiff has failed to properly request such degree.

## XXVII.

In answering paragraphs 155 to 156 of Plaintiff's Complaint, Defendant ISU admits that Plaintiff retained Dr. Dwyer to assist him in his appeals process.

## XXVIII.

In answering paragraph 172 of Plaintiff's First Amended Complaint, Defendant ISU admits Plaintiff's internship options were exclusive of each other.

**XXXIX.**

In answering paragraphs 177 to 181 of Plaintiff's First Amended Complaint, Defendant ISU admits that Plaintiff did apply to and was admitted to ISU's Doctorate Program in Clinical Psychology.

**XL.**

In answering paragraphs 194 to 199 of Plaintiff's Firs Amended Complaint, Defendant ISU admits that ISU is a public university that must adhere to applicable law, including state law.

**XLI.**

In answering paragraphs 203 to 219 of Plaintiff's First Amended Complaint, Defendant ISU admits that ISU must adhere to applicable state and federal laws including applicable policies promulgated by the State Board of Education.

**XLII.**

In answering paragraphs 220 to 223 of Plaintiff's First Amended Complaint, Defendant ISU admits that ISU is accredited by the Northwest Commission on Colleges and Universities (NWCCU), a regional accrediting agency.

**XLIII.**

In answering paragraphs 224 to 256 of Plaintiff's First Amended Complaint, Defendant ISU admits that in order to maintain accreditation, ISU must meet the NWCCU's accreditation standards.

**XLIV.**

In answering paragraphs 257 to 263 of Plaintiff's First Amended Complaint, Defendant ISU admits that ISU's Doctorate Program in Clinical Psychology is accredited by the American

Psychology Association, an accrediting body for psychology education.

## XLV.

In answering paragraphs 265 to 279 of Plaintiff's First Amended Complaint, Defendant ISU admits that ISU's Doctorate Program in Clinical Psychology must adhere to the American Psychological Association's eligibility requirements to maintain accreditation.

## XLVI.

In answering paragraphs 284 to 294 of Plaintiff's First Amended Complaint, Defendant ISU admits that the American Psychological Association encourages the development of appropriate learning environments in accredited institutions.

## XLVII.

In answering paragraph 317, of Plaintiff's First Amended Complaint, Defendant ISU admits this allegation with the assumption Plaintiff is referring to paragraph 316 instead of paragraph 313.

## XLVIII.

In answering paragraphs 319 to 327of Plaintiff's First Amended Complaint, Defendant ISU admits a faculty and staff handbook existed and that the language of these documents speak for themselves.

## XLIX.

In answering paragraphs 328 to 330 of Plaintiff's First Amended Complaint, Defendant ISU admits that a student handbook existed and that the language of this document speaks for itself.

## L.

In answering paragraphs 331 to 333 of Plaintiff's First Amended Complaint, Defendant ISU admits graduate school catalogs existed for the 2009-2010 and 2010-2011 academic years and that

the language of these documents speak for themselves.

## LI.

In answering paragraphs 334 to 339 of Plaintiff's First Amended Complaint, Defendant ISU admits that a clinical student handbook existed and that the language of this document speaks for itself.

## LII.

In answering paragraphs 341 to 344 of Plaintiff's First Amended Complaint, Defendant ISU admits a Department of Psychology Graduate studies manual existed and that the language of this document speaks for itself.

## THIRD DEFENSE

Although no contract exists or existed between Plaintiff and Defendant, and no contract to which Defendant is or was a party, benefits or benefitted Plaintiff, if a contract did exist, Defendant ISU's performance is excused due to Plaintiff's nonperformance.

## FOURTH DEFENSE

Defendant ISU acted at all times in good faith and the belief that their actions complied with the requirements of the United States Constitution, statutes and regulations and the Constitution of the State of Idaho and Idaho statutes and rules and are therefore immune from the suit for damages.

## FIFTH DEFENSE

As to some or all of Plaintiff's alleged causes of action, Defendant ISU is immune from liability by operation of provisions of the Idaho Tort Claims Act Idaho Code § 6-901, *et seq.*

## SIXTH DEFENSE

Plaintiff may lack standing for one or more of the causes of action alleged.

## SEVENTH DEFENSE

AMENDED TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 9

Some or all of Plaintiff's causes of action are barred by Plaintiff's failure to comply with the service requirements of I.C. § 6-916.

**EIGHTH DEFENSE**

Some or all of Plaintiff's causes of action are barred by operation of the 11th Amendment to the United States Constitution.

**NINTH DEFENSE**

Plaintiff's causes of action are barred by the applicable statutes of limitations, including but not limited to §§ 5-218 and 6-911.

**TENTH DEFENSE**

Plaintiff may have failed to exhaust his administrative duties, thereby barring some or all of his causes of action.

**ELEVENTH DEFENSE**

Defendant ISU cannot be liable for implementing a custom or policy which allegedly violates Plaintiff's rights under some or all of her asserted causes of action.

**TWELFTH DEFENSE**

Defendant ISU is not a suable person under 42 U.S.C. § 1983.

**THIRTEENTH DEFENSE**

Some or all of the Plaintiff's causes of action are barred by release.

**FOURTEENTH DEFENSE**

To the extent Plaintiff alleges state law causes of action, such causes of action may be barred for failure to properly and timely comply with the notice of claim and other requirements of the Idaho Tort Claims Act, Idaho Code § 6-918 and other applicable laws.

**FIFTEENTH DEFENSE**

Plaintiff is precluded from recovering attorney fees under Idaho Code § 6-918A.

**SIXTEENTH DEFENSE**

The First Amended Complaint and each and every cause of action contained therein is barred by operation of the principle of waiver.

**SEVENTEENTH DEFENSE**

The damages, if any, as alleged by the Plaintiff were caused by the superceding, intervening conduct of other individuals or entities.

**EIGHTEENTH DEFENSE**

Defendant ISU respectfully requests that this Court abstain from deciding any of Plaintiff's alleged causes of action which are based upon state law.

**NINETEENTH DEFENSE**

Assertion of any defense herein by Defendant ISU is neither a concession or admission of any liability to Plaintiff, nor is it a waiver of any burden of proof obligations of Plaintiff, nor admission that Defendant ISU has the burden of proof with respect to any allegation or denial necessary or related to its defense.

WHEREFORE, Defendant ISU prays that Plaintiff take nothing by his First Amended Complaint and Demand for Jury Trial, that the same be dismissed, and that Defendant ISU be awarded its costs of suit and attorney's fees pursuant to I.C. § 6-918(a), I.C. § 12-121, or any other applicable statute or rule, and such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Defendant demands a trial by jury of no less than twelve (12) members.

DATED this  3rd  day of May, 2017.

                            KELLY, TALBOY & SIMMONS, PA


                            By:   /s./Michael E. Kelly

                            Michael E. Kelly, Of the Firm
                            Attorneys for Defendant Idaho State University

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

    Ronaldo A. Coulter
    Emile Loza de Siles
    Idaho Employment Law Solutions
    776 E. Riverside Dr., Suite 240
    Eagle, ID 83616
    Telephone: (208) 672-6112
    Facsimile: (208) 672-6114
    ron@idahoels.com
    emile@idahoels.com
    *Attorneys for Plaintiff*


                            /s./Michael E. Kelly
                            Michael E. Kelly