# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| JUN YU,<br><br>    Plaintiff,<br><br>    vs.<br><br>IDAHO STATE UNIVERSITY,<br><br>and<br><br>JOHN/JANE DOES I through X, whose true identities are presently unknown,<br><br>    Defendants. | Case No.: 4:15-cv-00430-REB<br><br><br>**MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. 68)** |

Pending is Plaintiff's Motion for Reconsideration of Court's Order Re Plaintiff's Second Through Eighteenth Causes of Action (Dkt. 68), seeking reconsideration of this Court's Memorandum Decision and Order Re Defendant's Renewed Motion for Summary Judgment (Dkt. 63) dismissing those claims. Having reviewed the briefing and supporting filings, and otherwise being fully advised, the Court enters the following Decision and Order:

## I. BACKGROUND

Plaintiff Jun Yu ("Yu") is a Chinese national who matriculated into the Doctoral Clinical Psychology Program at Defendant Idaho State University ("ISU") in 2008. First Am. Compl. ¶¶ 14–16 (Dkt. 41). By mid-2012, all that remained for Yu to complete the requirements of the program was a successful clinical internship. *Id.* ¶ 75, 161. Yu coordinated with ISU and the prestigious Cleveland Clinic Center for Autism ("CCCA") in Cleveland, Ohio to develop a customized internship that would allow him to fulfill his final graduation requirement. *Id.* ¶ 87.

He started the internship, which was designed to last for at least twelve months, on January 2, 2013. *Id.* ¶¶ 107, 108 (Dkt. 41).

Yu did not complete the internship, as he was dismissed from the CCCA in approximately April of 2013. *Id.* ¶ 130. In May of 2013, ISU told Yu that the graduate faculty of the Psychology Department had voted to dismiss him from its doctoral program. *Id.* ¶ 6, 136. After various unsuccessful voluntary appeals, Yu received a letter from ISU's Graduate School Dean dated October 2, 2013 that denied Yu's final appeal and stated that his dismissal was effective immediately. *Id.* ¶¶ 7–10; *see also* Pl.'s Resp. Exhibit PR1-8 (Dkt. 56-12) (the letter).

Yu initiated this action on September 16, 2015 by filing his Complaint against ISU, alleging liability for violations of Title VI of the Civil Rights Act, deprivations of his constitutional rights under 42 U.S.C. § 1983, and negligent infliction of emotional distress. Compl. ¶¶ 170–181 (Dkt. 1). On March 29, 2017, he filed an Amended Complaint, expanding his § 1983 claim to include allegations that ISU denied both his procedural due process rights (Count Two) and his substantive due process rights (Count Four). First Am. Compl. ¶¶ 354–359, 363–367 (Dkt. 41). He also added counts related to promissory estoppel and claims arising in contract law, bringing a total number of eighteen claims. *Id.* ¶¶ 368–435.

Both the Complaint and the First Amended Complaint name ISU and "John/Jane Does I through X, whose true identities are presently unknown" as defendants. Compl. (Dkt. 1); First Am. Compl. (Dkt. 41). Yu did not timely move to amend to substitute any Doe defendants or join additional defendants, and the deadline to do so has passed. Second Am. Case Mgmt. Order 1 (Dkt. 29). Further, Yu did not name as a defendant any individuals associated with ISU, whether acting in an official capacity or not.

ISU moved for summary judgment, seeking dismissal of all eighteen claims. As relevant here, ISU argued that ISU is immune from suit under the Eleventh Amendment for counts two through eighteen. This Court agreed with ISU, granted in part ISU's motion for summary judgment, and dismissed Yu's second through eighteenth claims. (Dkt. 63.) Yu now moves for reconsideration of that decision. (Dkt. 68.) For the reasons below, the Court denies Yu's motion.

## II. <u>LEGAL STANDARD</u>

A motion for reconsideration of summary judgment may be granted where: (1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. FED. R. CIV. P. 59(e); *see also Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003); and *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999).

## III. <u>DISCUSSION</u>

Yu moves the Court to reconsider its Memorandum Decision and Order granting ISU partial summary judgment by dismissing claims two through eighteen of Yu's operative complaint. (Dkt. 68.) He contends both that there is an intervening change in the law and that reconsideration is necessary to prevent manifest injustice. Mem. ISO Mot. for Recons. 3 (Dkt. 68-1). He bases his argument on a recent ruling in *Duffin v. Idaho State University*, No. 4:16-CV-00209-BLW. In that case, Chief U.S. District Judge B. Lynn Winmill issued an order on December 21, 2017 concluding ISU had waived its Eleventh Amendment immunity. 2017 WL 6543873 ("*Duffin*" or "*Duffin* MDO"). Judge Winmill quoted precedent holding that "[a] state may waive its sovereign immunity through conduct that is incompatible with an intent to preserve that immunity" and that "state defendants engaged in conduct 'incompatible with' an

intent to preserve sovereign immunity when they raised a sovereign immunity defense only belatedly, after extensive proceedings on the merits." *Duffin* MDO at \*2 (quoting *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1021 (9th Cir. 2010)). Yu argues that the same reasoning applies to this case. Plf.'s Mem. ISO Mot. for Reconsideration 4 (Dkt. 68-1).

The Court disagrees. A comparison of the facts between the cases is illustrative. In *Duffin*, Plaintiff Orin Duffin sued ISU on May 20, 2016, alleging he suffered religious discrimination and other wrongs in 2014 and 2015. *Duffin* MDO at \*1. Based upon stipulated deadlines, a case management order was entered setting January 30, 2017 as the dispositive motion deadline. *Id.* By further stipulation, that deadline was extended to July 14, 2017. *Id.* The parties filed cross-motions for summary judgment on the deadline. *Id.* ISU "raised sovereign immunity in [its] motion for summary judgment."[1] *Id.* at \*3. In declining to apply sovereign immunity, Judge Winmill noted that ISU's summary judgment motion was delayed by stipulation and thus was filed more than two years after the events in question. *Id.* Accordingly, Judge Winmill found that Duffin's claims were likely barred in state court by Idaho's two-year statute of limitations for personal injury actions. *Id.* (citing I.C. § 5-219(4)). Judge Winmill also found no discovery was necessary on the issue of Eleventh Amendment immunity, so ISU could have moved to apply the defense earlier. *Id.* Ultimately he concluded that ISU's delay in moving for sovereign immunity "was a tactical attempt to deny Duffin his day in Court," which, if permitted, "would fly in the face of the Rule 1 admonition that the Court construe and apply the

---

[1] The *Duffin* MDO does not indicate whether ISU or any co-defendants raised the sovereign immunity defense in their respective answers. Although Yu contends they did, citing entries from the *Duffin* docket, such filings are not properly in the instant record and the Court will not take judicial notice of them. Whether the defense was raised by answer is not dispositive under Ninth Circuit precedent, so the Court need not address this issue.

rules and procedures in a manner that secures the just, speedy and inexpensive resolution of all disputes." *Id.*

In this case, Yu seeks redress from ISU's final act dismissing him from its Graduate School on October 2, 2013. First Am. Compl. ¶ 10 (Dkt. 41); MDO Re Def.'s Renewed Mot. for Summ. J. 10 (Dkt. 63). Yu filed his complaint on September 16, 2015 (Dkt. 1). ISU first raised an Eleventh Amendment immunity defense in its answer on October 8, 2015 (Dkt. 6 p. 7).[2] Although initially set to be completed by August 3, 2016 (Dkt. 15), factual discovery was extended by stipulation to September 2, 2016. (Dkts. 19, 29, 31 (orders); Dkts. 18, 25, 30 (stipulations).) ISU moved for summary judgment seeking dismissal of all claims except Yu's Title VI claim on Eleventh Amendment grounds. (Dkt. 32 pp. 7–11).

On March 27, 2017 this Court granted Yu's earlier-filed motion to amend his complaint. (Dkts. 22, 40.) Yu filed an amended complaint expanding the case from three to eighteen claims (Dkt. 41) on March 29, 2017 and ISU filed a responsive answer on May 3, 2017 (Dkt. 48), again raising Eleventh Amendment immunity as a defense. Discovery was extended through August 11, 2017. (Dkt. 53.) ISU renewed its summary judgment motion. (Dkt. 55.) It is the Court's memorandum decision and order on that motion that Yu now asks the Court to reconsider.

## A.     *Duffin* Does Not Constitute an Intervening Change in the Law.

Yu contends that, prior to the *Duffin* MDO, Eleventh Amendment immunity could be asserted for the first time on appeal and that waiver had to be unequivocally expressed. Plf.'s Mem. ISO Mot. for Reconsideration 4 (Dkt. 68-1). The *Duffin* MDO, Yu argues, is an intervening change in law because "it would not have earlier been reasonable for Plaintiff to

---

[2] As discussed further below, two years had elapsed from the date of Yu's alleged injury by the time ISU timely filed its answer.

assert an argument of waiver as articulated in the *Duffin* decision, given legal precedent and the facts in the present case."

This argument is unpersuasive. First, the *Duffin* MDO was issued by a district judge in the District of Idaho. Notwithstanding the respect the undersigned has for his colleagues on this bench, the "decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], pp. 134–26 (3d ed. 2011)). Thus, the *Duffin* MDO is not a "change in the law" justifying reconsideration.

Secondly, the *Duffin* MDO is a well-reasoned decision that applies, rather than extends, Ninth Circuit law. It relies on *Johnson*, cited *supra*, for the proposition that a state may waive sovereign immunity by its conduct. In *Johnson*, the state defendant raised Eleventh Amendment immunity in its answer, but subsequently "litigated the suit on the merits, participated in discovery, and filed a motion to dismiss and a summary judgment motion without pressing a sovereign immunity defense." 623 F.3d at 1022. In holding the defendant had waived the defense, the court concluded the defendant "made a tactical decision to delay asserting the sovereign immunity defense" which "undermines the integrity of the judicial system[,] ... wastes judicial resources, burdens jurors and witnesses, and imposes substantial costs upon the litigants." *Id.* (alteration in original; quotation marks omitted). Thus, after *Johnson*, it is not clear that ISU could have raised the defense for the first time on appeal, as Yu contends.

The distinction between *Duffin* and prior precedent, if there is any distinction, is in what facts – not what law – were relied upon to conclude the state defendant had waived sovereign immunity. The Court is unpersuaded by Yu's argument that "[p]rior to the decision in *Duffin* . . .

(3) Eleventh Amendment immunity could be raised for the first time in a motion for summary judgment, and on appeal even to the United States Supreme Court." Plf.'s Mem. ISO Mot. for Reconsideration 8 (Dkt. 68-1). In light of *Johnson*, Yu could have argued at summary judgment that ISU had waived sovereign immunity in this case. The *Duffin* MDO has no impact on this analysis and it is not an intervening change in the law that warrants reconsideration here.

## B.     *Duffin* **Is Factually Distinct from the Instant Case.**

*Duffin* is also factually inapposite to this case. As an initial matter, the dispute resolved in the *Duffin* MDO was whether ISU had consented to be sued in federal court. But here, "it is undisputed that ISU has not consented to be sued in federal court with respect to the claims at issue." MDO re Def.'s Renewed Mot. for Summ. J. 12 (Dkt. 63). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1056 (9th Cir. 2017). Yu suggests that he could not argue that ISU had consented to be sued in federal court until *Duffin* was decided. But as discussed *supra*, *Duffin* merely applied existing Ninth Circuit precedent.

Regardless, even when considering the *Duffin* decision for any persuasive value it might have for this case, the Court would not have decided ISU's renewed motion for summary judgment differently. In *Duffin*, Judge Winmill concluded that the defendants engaged in "a tactical attempt to deny Duffin his day in court." *Duffin* MDO at *3. Judge Winmill suggests that this may have been intended to run out the clock so that Duffin's state-law claims would become barred by the statute of limitations. *Id.* There are no facts in this case to suggest a similar motive by ISU here. Yu filed his original complaint on September 16, 2015 and served ISU with the summons and complaint on September 18, 2015. (Dkts. 1, 4, 5). Thus, ISU was required to

respond by October 9, 2015. FED. R. CIV. P. 12; Dkt. 5. But Yu's claims allege conduct that culminated in his dismissal from ISU based on a letter drafted October 2, 2013 which he received on October 3, 2013. First Am. Compl. ¶¶ 10, 11 (Dkt. 41) Thus, the two-year statute of limitations lapsed on Yu's claims before ISU was even required to respond to the complaint. ISU's conduct could not have impacted the running of the statute of limitations. The Court perceives no evidence that ISU purposefully delayed pressing its Eleventh Amendment defense to gain a tactical advantage over Yu.[3]

Other factual distinctions also support the Court's ruling here. First, Yu alleged, in his original complaint, a Title VI claim that was indisputably not subject to dismissal under Eleventh Amendment grounds. Compl. ¶¶ 170–172 (Dkt. 1). Thus, even if ISU had moved to dismiss very early in the case on Eleventh Amendment grounds, at least one claim would have survived and discovery would not have been avoided. In *Duffin*, by contrast, the plaintiff brought five claims under 42 U.S.C. § 1983 (at *3) and four state-law claims alleging negligence and emotional distress (at *6–*8). Therefore, it appears there were no claims against ISU that would have survived a proper Eleventh Amendment challenge[4] and that the case could have been resolved

---

[3] The relevant dates for statute of limitations purposes were not fixed until this Court's Memorandum Decision and Order granting ISU partial summary judgment. (Dkt. 63.) Nonetheless, ISU has consistently maintained in this action that the statute of limitations lapsed no later than October 3, 2015. Indeed, ISU argued at summary judgment that all of Yu's claims were time-barred as of May 2015. As such, it is not clear what motive ISU would have had to delay pressing its sovereign immunity defense. Def.'s Mem. ISO Renewed Mot. for Summ. J. 4 (Dkt. 55-1). Yu offers no evidence or reasoning supporting his argument that ISU intentionally delayed to gain a tactical advantage.

[4] As discussed in the Court's Memorandum Decision and Order granting partial summary judgment to ISU, a plaintiff may assert a § 1983 action for prospective relief against state officials acting in their official capacity under *Ex parte Young*, 209 U.S. 123, 159–160 (1908), but the State itself is immune from suit absent waiver or Congressional abrogation of the immunity. (Dkt. 63 at 15.)

entirely, at least as to defendant ISU, if ISU had moved to dismiss. Such is not the case here. Even if ISU had moved to dismiss immediately, the Title VI claim would have survived and necessitated discovery and further proceedings.

Secondly, the Court's Case Management Order dated November 6, 2015 included a footnote, as is typical in such orders issued by this Court, indicating the Court's policy of accepting only one dispositive motion per party. CMO 2 n.1 (Dkt. 15). Although ISU's renewed motion for summary judgment was ultimately denied as to Yu's Title VI claim, ISU nonetheless offered non-frivolous arguments for its dismissal. Because discovery would have been necessary regardless, no party was prejudiced by ISU's decision not to move sooner. Nor has Yu alleged that he was prejudiced by any delay in ISU moving for relief on Eleventh Amendment grounds. To the contrary, ISU points out that Yu was on notice, repeatedly, of ISU's intent to seek to apply sovereign immunity. Def.'s Resp. in Opp. to Plf.'s Mot. for Reconsideration 5–6 (Dkt. 69).

## C.     Yu's Remaining Arguments Are Without Merit.

Yu contends the Court must exercise supplemental jurisdiction over his state law claims, but in doing so he assumes that the Court is persuaded ISU waived its sovereign immunity defense. Plf.'s Mem. ISO Mot. for Reconsideration 10–13 (Dkt. 68-1). Because the Court is not persuaded ISU waived such defense, Yu's state-law claims remain dismissed and the Court need not consider whether to exercise supplemental jurisdiction over them.

Finally, Yu alleges ISU has failed to comply with its discovery obligations and he suggests he "must be allowed to further amend his present amended complaint by naming defendants in either their individual or official capacities based on discovery still to be received from the Defendant." *Id.* at 13–14. Those issues are not in front of the Court based on the present motion, and will not be considered here.

## IV. <u>CONCLUSION</u>

Yu has not shown a proper basis for reconsidering the Court's order granting ISU partial summary judgment. The *Duffin* MDO he cites does not constitute an intervening change in the law. Even if it did, the facts in *Duffin* are inapposite here. Reconsideration is not necessary in this instance to prevent manifest injustice.

## V. <u>ORDER</u>

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of Court's Order Re Plaintiff's Second Through Eighteenth Causes of Action (Dkt. 68) is **DENIED**.

DATED:  April 30, 2018

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge