Ronaldo A. Coulter (ISB No. 3850)
Emile Loza de Siles (ISB No. 6531)
IDAHO EMPLOYMENT LAW SOLUTIONS
776 E. Riverside Dr., Suite 206
P.O. Box 1833
Eagle, Idaho 83616
Telephone: (208) 672 6112
Facsimile: (208) 672-6114
ron@idahoels.com
emile@idahoels.com

*Attorneys for Plaintiff*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **JUN YU,** | ) |
| | ) |
| **Plaintiff,** | ) **Case No. 4: 15-cv-00430-REB** |
| v. | ) |
| | ) **MEMORANDUM IN SUPPORT OF** |
| **IDAHO STATE UNIVERSITY,** | ) **PLAINTIFF'S MOTION IN LIMINE** |
| | ) **FOR THE USE OF** |
| and | ) **DEMONSTRATIVE EXHIBITS** |
| | ) **DURING TESTIMONY OF HIS** |
| **JOHN/JANE DOES I through X, whose** | ) **EXPERT AND REBUTTAL EXPERT** |
| **true identities are presently unknown,** | ) **WITNESSES** |
| | ) |
| **Defendants.** | ) |

## INTRODUCTION

Plaintiff JUN YU ("Mr. Yu"), by and through his counsel Ronaldo A. Coulter and Emile

Loza de Siles, Attorneys at Law of Idaho Employment Law Solutions, has filed this

Memorandum, and Affidavit of Counsel ("Affidavit"), and accompanying exhibits[1] in support of

---

[1] Exhibit numbers styled "MIL-DEM-XX" refer to exhibits attached and attested to by the Affidavit of Counsel ("Affidavit") filed in support of the subject Motion.

the above-captioned Motion. Through this Motion and supporting materials, Mr. Yu has requested that the Court permit his counsel's use of demonstrative exhibits during the testimony of Mr. Yu's expert and rebuttal expert witnesses, pursuant to the authorities herein-discussed. Mr. Yu requests the use of demonstrative exhibits during trial testimony of his expert and rebuttal expert witnesses with such exhibits expected to accurately consist of or reflect the contents, in whole or part, of one or more pages from the witnesses' respective reports.[2] *See* Ex. MIL-DEM-1 (demonstrative exhibit exemplars) (Exemplar 1 from Dr. Cooley's report, *infra*) (Exemplar 2 from Dr. Tyler J.Bowles' report, *infra*).

If the Court determines to grant Mr. Yu's Motion, the exhibits should be allowed to be used by the jury with appropriate safeguards in place, as were instituted and approved in *United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995).

## I.  STANDARD OF REVIEW

Evidentiary rulings are reviewed on appeal under an abuse of discretion or manifest error standard. *See General Electric Co. v. Joiner*, 522 U.S. 136, 141-43, 118 S. Ct. 512, 517, 139 L. Ed. 2d (1997); *U.S. v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) (citation omitted). "The admissibility of demonstrative evidence lies largely within the discretion of the trial court." *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1429 (9th Cir. 1991) (citation omitted). The Court has broad discretion in "simplifying the mechanics of offer and receipt of evidence[,]"

---

[2] The reports themselves are inadmissible. As illustrated in *Pender v. Bank of Am. Corp.*, No. 3:05-CV-00238-GCM, 2016 WL 7320894, at *1 (W.D.N.C., Dec. 15, 2016), a hearsay objection under Federal Rule of Evidence 803 may be expected if the reports were themselves offered into evidence. Although the *Pender* Court did not specifically decide on Rule 803 grounds, that Rule is relevant because, although sworn expert declarations may be used in other proceedings, there is no hearsay exception by which sworn expert reports may be admitted as evidence, irrespective of whether the declarant is present. *See id.* (upholding trial court's exclusion of expert reports & exhibits under Federal Rules of Evidence 403, 611(a) & 801); *accord* FED. R. EVID. 803.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE FOR THE USE OF DEMONSTRATIVE EXHIBITS DURING TESTIMONY OF HIS EXPERT AND REBUTTAL EXPERT WITNESSES**                                                                                       Page 2 of 10

including as to expert reports and other testimony and which may include summaries and other demonstratives.  *White Mountain Apache Tribe of Arizona v. United States*, 4 Cl. Ct. 575, 581-82 (1984) (citations omitted).

## II.     SUMMARY OF FACTS

Mr. Yu, through counsel, timely disclosed four (4) expert witnesses:  Gerald P. Koocher, Ph.D.; M. Leslie Wade Zorwick, Ph.D.; Tyler J. Bowles, Ph.D. as his economics expert; and Shannon Chavez-Korell, Ph.D.  Each of these experts prepared a written report, as required under Federal Rule of Civil Procedure 26(a)(2)(B).  *Accord generally* Ex. MIL-DEM-2 at Ex. A (Dr. Koocher); Ex. B. (Dr. Zorwick); Ex. C (Dr. Tyler J. Bowles) & Ex. D (Dr. Chavez-Korell).

Mr. Yu also timely disclosed his three (3) rebuttal expert witnesses and the applicable reports. Mr. Yu's rebuttal experts are, as follows:  (1) Erin Cooley, Ph.D.; (2) Nadya A. Fouad, Ph.D.; and (3) Linda Frye Campbell, Ph.D.  *See* Ex. MIL-DEM-3 at Ex. A (Dr. Cooley); Ex. B (Dr. Fouad); & Ex. C (Dr. Campbell).  Although Rule 26(a)(2)(C) does not require that rebuttal experts produce a written report, Drs. Cooley and Fouad did so.  *See id.*

## III.    APPLICABLE LAW

The Court bears the "ultimate responsibility for the effective working of the adversary system[.]" FED. R. EVID. 611, Advisory Comm. Notes (1972 proposed rules).  Toward that responsibility, Federal Rule of Evidence 611(a) advises the Court to, in relevant part, "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time[.]"  FED. R. EVID. 611(a)(1)-(2).

Federal Rule of Evidence 702 permits qualified experts to testify in demonstrative forms, provided the reliability criteria of Rule 702 are met.[3]  FED. R. EVID. 702, subpart 1 (emphasis supplied).  Further, if the expert's reliance[4] on the underlying facts or data on which he or she based the opinion was reasonable, those underlying facts or data need not be themselves admissible for the opinion to be admissible.  *See* FED. R. EVID. 703.[5]  In addition, Federal Rule of Evidence 404(a) permits no objection to demonstrative or other forms of expert testimony because it encompasses issues ultimately for the jury.[6]  *See* FED. R. EVID. 404(a).

---

[3] Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education **may testify in the form of an opinion or otherwise** if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.

[4] Because questions of the underlying facts or data and other measures of reliability are preconditions going to an expert's qualification, the Court must make a preliminary decision as to those questions and as to whether the expert reasonably relied on facts and data in forming this opinion.  FED. R. EVID. 104.  Because justice requires, the Court must carry out the hearing as to such a preliminary decision outside the presence of the jury.  *Id.* at 104(c)(3).

[5] 
> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. **If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted**. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

FED. R. EVID. 703 (emphasis supplied).

[6] For example, Mr. Yu's experts and rebuttal experts may opine, including in demonstrative form, that Defendant's reasons proffered as legitimate and non-discriminatory for its actions

The Court of Appeals for the Seventh Circuit examined and clarified the often-conflated and synonymous use of terms referring to demonstratives. *See Baugh ex rel. Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701, 706-08 (7th Cir. 2013). To help the "parties and the court to avoid protracted disputes regarding the admissibility of demonstrative exhibits that might arise if such an exhibit were being offered as substantive evidence," *id.* at 707, Mr. Yu uses the term, "demonstrative exhibit," which:

> signifies that the exhibit is not itself evidence — the exhibit is instead **a persuasive, pedagogical tool created and used by a party as part of the adversarial process to persuade the jury.** Robert D. Brain & Daniel J. Broderick, *The Derivative Relevance of Demonstrative Evidence: Charting Its Proper Evidentiary Status,* 25 U.C. DAVIS L. REV. 957, 961 (1992) ("Demonstrative proof has only a secondary or derivative function at trial: it serves only to explain or clarify other previously introduced, relevant substantive evidence."). **These pedagogical devices are used to aid the jury in its understanding of the evidence that has already been admitted.** "[P]edagogical charts or summaries **may include witnesses' conclusions or opinions, or they may reveal inferences drawn in a way that would assist the jury.** But . . . in the end they are not admitted as evidence."

*See Baugh ex rel. Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701, 706-07 (7th Cir. 2013) (emphases supplied). Demonstrative exhibits "aim to clarify, color, or 'organize or aid the jury's **examination of testimony** or documents which are themselves admitted into evidence' to persuade the jury to see the evidence in a certain light favorable to the advocate's client[.]" *Id.* at 707 (quoting *United States v. Wood,* 943 F.2d 1048, 1053 (9th Cir. 1991)) (emphasis supplied).

---

against Mr. Yu were, in fact, pretexual, not credible, or motivated by racial animus[6] or a combination of the foregoing. *See* FED. R. EVID. 404(a). Those experts properly may opine that Defendant's actions were arbitrary and capricious and outside the realm of acceptable standards. *See id.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE FOR THE USE OF DEMONSTRATIVE EXHIBITS DURING TESTIMONY OF HIS EXPERT AND REBUTTAL EXPERT WITNESSES**                                                                                       Page 5 of 10

Demonstrative exhibits may be admitted as pedagogical devices without being admitted as substantive evidence.[7] *See United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995); *Wood*, 943 F.2d at 1053 ("[C]harts or summaries of testimony or documents **already admitted into evidence** are merely pedagogical devices, and are not evidence themselves.") (emphasis supplied). Unless admitted as substantive evidence and not merely as pedagogical or testimonial aids, demonstrative exhibits should not be made available to the jury during its deliberations, absent the parties' consent. *See Baugh*, 730 F.3d at 708.

In *United States v. Olano*, 62 F.3d 1180 (9th Cir. 1995),[8] the Court held that the trial court acted within its discretion in permitting an accountant investigator to testify using summaries and charts of the prior government witness' testimony. *See* 62 F.3d at 1203-04. The use and subsequent admission into evidence of those demonstrative exhibits were upheld because the Court had instituted four (4) safeguards:

> The district court examined [1] the government's summary charts prior to their admission to the jury, [2] the defendants had an opportunity to review the charts, and [3] the court gave a limiting instruction informing the jury that the summaries were not being admitted as substantive evidence. [4] The defense also had an opportunity to cross-examine [the witness using the demonstrative exhibits.]

---

[7] As to the admission of demonstrative exhibits as substantive evidence, rather than pedagogical aids, *see Baugh ex rel. Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701, 707-08 (7th Cir. 2013).

> It alerts parties to the fact that the exhibit will become part of the actual evidence and therefore may well be available to the jury during deliberation. When an exhibit is offered as substantive evidence, parties know they must make any objections they might have to the evidence at that point.

*Id.* at 708.

[8] The *Olano* Court equated the subject case to and followed its decision in *United States v. Baker*, 10 F.3d 1374 (9th Cir. 1993). *See* 62 F.3d 1180, 1204 (9th Cir. 1995). *Baker* was later overruled on other grounds by *U.S. v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000) (subsequent history omitted).

*Olano*, 62 F.3d at 1204; *see U.S. v. Poschwatta*, 829 F.2d 1477, 1481 (9th Cir. 1987).[9]

## IV.   ARGUMENT

The case at bar presents for the factfinder a complex set of issues, numerous facts to discern and examine, and the use of multiple expert and rebuttal expert witnesses. All of these witnesses hold doctorate degrees and their testimony will be intricate, specialized, and technical in nature. The requested use of demonstrative exhibits will enable Mr. Yu's experts and rebuttal experts to efficiently and effectively explain points within their testimony that require elaboration and summarization. This use of demonstrative exhibits as testimonial aids for his experts and rebuttal experts will help the jury to more efficiently carry out its duties and, consequently, help avoid delay and keep the trial on schedule.

The Court in *White Mountain Apache Tribe of Arizona v. United States*, 4 Cl. Ct. 575, 581-82 (1984), recognized the practicality of this approach in a complex case, as follows:

> The court has been given broad discretion in simplifying the mechanics of offer and receipt of evidence. . . . **A judge has discretion to determine the most feasible way to proceed with trial.** . . . **This includes simplifying the litigation process by avoiding unnecessary expense and delay** . . , **and unnecessary proof of facts at trial**. . . . **The court has determined that this case is complex**;[] **that expert testimony shall be reduced to the reports** which the court was advised were being prepared; that all such reports shall be subject to exchange before trial; and that trial,

---

[9] The *Poschwatta* Court confirmed that the trial court had acted within its discretion to admit demonstrative charts into evidence because:

> [t]he figures in the government chart already were admitted into evidence and the defendant did not challenge the figures. Defendant also had a full opportunity to cross-examine the witness. The charts arguably contributed to the clarity of the presentation to the jury and were a reasonable method of presenting evidence.

*See U.S. v. Poschwatta*, 829 F.2d 1477, 1481 (9th Cir. 1987), *cert. denied*, 484 U.S. 1064, 108 S. Ct. 1024, 98 L. Ed. 2d 989 (1988), *and overruled on other grounds by*, *Cheek v. United States*, 498 U.S. 192, 111 S. Ct. 604, 112 L. Ed. 2d 617 (1991); *see also id.* at n.8 (subsequent history). In *dicta*, the Court noted that it might have been better for the trial court to limit the charts to use as testimonial aids. *See id.* at 1481.

> insofar as expert testimony is concerned, will be based on, but by no means limited to, expert reports. **An expert's direct testimony can highlight his report, explain points that require elaboration, and summarize.** Cross-examination will proceed in open court. On this basis the court indicated its desire to confine trial to a two-week period.

*Id.* (emphases supplied) (citations omitted).

Mr. Yu does not seek the admission of the requested demonstrative exhibits as substantive evidence, unless Defendant subsequently agrees. He does seek that these demonstrative exhibits be admitted as pedagogical devices, however, with appropriate safeguards, as approved in *Olano*. *See United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995); *Wood*, 943 F.2d at 1053.

All underlying expert and rebuttal expert reports were long ago produced to the Defendant and are attached as exhibits, as referenced herein, to the accompanying Affidavit of Counsel. Mr. Yu has provided two (2) examples of the anticipated demonstrative exhibits in his Ex. MIL-DEM-1 and, as noted *supra*, these examples accurately consist of or reflect the contents, in whole or part, of one or more pages from the subject witness' respective report.[10] With the expert and rebuttal expert reports and the exemplars provided, Mr. Yu suggests that the examination and review safeguards are in place. If the Court determines that further examination and review are required "prior to their admission to the jury," Mr. Yu, through counsel, will certainly submit all demonstratives for same prior to offering them for admission as mere pedagogical guides and not as substantive evidence. Per the normal conduct of trial, Defendant will have ample opportunity to cross-examine all of Mr. Yu's experts and rebuttal experts who make use of these demonstrative exhibits. Finally, the Court, if it grants Mr. Yu's Motion, is

---

[10] Preparation of Mr. Yu's expert and rebuttal witnesses is planned for October and the first week of November. A complete set of demonstratives will be available subsequent to the completion of that extensive travel and work.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE FOR THE USE OF DEMONSTRATIVE EXHIBITS DURING TESTIMONY OF HIS EXPERT AND REBUTTAL EXPERT WITNESSES**                                                                                     Page 8 of 10

requested to make an appropriate limiting instruction to the jury that his demonstrative exhibits are not being admitted as substantive evidence. *See Olano*, 62 F.3d at 1204.

## V. CONCLUSION

For the reasons and on the points of authorities set forth above, this Court acts well within its discretion to grant Mr. Yu's Motion requesting the use of demonstrative exhibits during the testimony of his expert and rebuttal expert witnesses and, if the Court permits the use of such demonstrative exhibits by the jury, to allow such use with appropriate safeguards in place, as was done in *Olano*. *See id.*

DATED: September 28, 2018

                                       PLAINTIFF
                                       By Plaintiff's Attorney

                                       Idaho Employment Law Solutions, PLLC

                                       __/s/_____
                                       R. A. (RON) COULTER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of September, 2018, I caused to be served a copy of the foregoing document on CM/ECF Registered Participants as reflected on the Notice of Electronic Filings, as follows:

MICHAEL E. KELLY, ISB # 4351
SHANNON M. GRAHAM, ISB #10092
380 E. PARKCENTER BLVD., SUITE 200
POST OFFICE BOX 856
BOISE, ID 83701
Telephone: (208) 342-4300
Facsimile: (208) 342-4344

                                          IDAHO EMPLOYMENT LAW SOLUTIONS

                                          __/s/_____
                                          R. A. (RON) COULTER