# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| JUN YU,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO STATE UNIVERSITY,<br><br>and<br><br>JOHN/JANE DOES I through X, whose true identities are presently unknown,<br><br>    Defendants. | Case No.: 4:15-cv-00430-REB<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO CONTINUE TRIAL (DKT. 115)** |

Pending is Defendant's Motion to Continue Trial (Dkt. 115), seeking to vacate the trial presently set for November 13, 2018 and to reset it for no sooner than January 2019. Plaintiff opposes the motion. (Dkt. 124.) Having reviewed the briefing and supporting filings, and otherwise being fully advised, the Court enters the following Decision and Order:

## I. BACKGROUND

Plaintiff Jun Yu ("Yu") sued Defendant Idaho State University ("ISU") in 2015 under Title VI of the Civil Rights Act, after ISU dismissed Yu from its Doctoral Clinical Psychology Program in 2013. On February 8, 2018, after extensive discovery and motion practice, trial was set to begin on November 13, 2018. (Dkt. 67.) A pretrial conference was scheduled for October 23, 2018.

On October 12, 2018, Defendant's lead counsel Michael Kelly moved to continue trial until mid-January 2019 or later. The motion was supported by Mr. Kelly's affidavit, which described an unforeseen scheduling conflict for Mr. Kelly of a personal and confidential nature.

**DECISION ON MOTION TO CONTINUE TRIAL – 1**

(Dkts. 115, 115-1.) Defendant's motion and supporting filings and Plaintiff's response to the motion are the subjects of unopposed motions to seal. (Dkts. 116, 126, 127.) The Court has considered the motions to seal and is granting such motions in a decision that is filed separately from this decision. In light of the motions to seal, the instant decision resolving the motion to continue trial will limit its discussion regarding the specific reasons why Defendant seeks to postpone trial.

Plaintiff opposes the motion to continue trial. (Dkt. 124.) First, Plaintiff suggests that Defendant's co-counsel, Shannon Graham, could serve as counsel in Mr. Kelly's absence. Second, Plaintiff questions whether the 60-day continuance Defendant requests would be adequate; Plaintiff's implied concern is that too short a continuance would result in a subsequent additional motion to continue trial, adding expense and delay. Third, Plaintiff raises scheduling concerns related to the availability of Plaintiff's counsel's and of Plaintiff's witnesses to try this case in early 2019. Plaintiff notes that most of his witnesses are employed in academia and coordinating their availability during the traditional academic year is difficult. He contends it might not be until May 2019 when he could marshal his witnesses for trial. Finally, Plaintiff contends that a continuance will require him to expend additional funds in hard costs that have already been expended in preparing to commence trial on November 13, 2018. Plaintiff supports this contention with an exhibit attached to an affidavit of counsel showing he has incurred over $22,000 in costs for witness fees and travel expenses for witnesses and counsel.

Defendant's deadline for filing a reply memorandum has not yet run, but the Court finds that this matter requires urgent resolution so that the parties can be provided as much notice as possible regarding whether trial will proceed as scheduled or will be continued.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16 governs pretrial conferences, scheduling, and management. Pursuant to this rule, the Court previously entered a scheduling order with deadlines for joining other parties, amending the pleadings, completing discovery, and filing motions. F.R.C.P. 16(b)(3)(A). Further, under the rule, the Court also set a date for a pretrial conference and for the trial. F.R.C.P. 16(b)(3)(B)(vi).

The Court's scheduling order is to be modified only for good cause and with the judge's consent. F.R.C.P. 16(b)(4). The good cause standard of Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." F.R.C.P. 16 advisory committee's notes (1983 amendment). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

The federal rules do not impose specific requirements on a motion to continue trial. However, District Local Rule Civil 6.1(b) provides as follows:

> All requests to vacate, continue, or reschedule a trial date must be in the form of a written motion, must be approved by the client, and must state the specific reason(s) for the requested continuance. A mere stipulation between the parties without providing the specific reason(s) for the requested continuance will be deemed insufficient. Client approval can be satisfied either by the client's actual signature or by the attorney certifying to the Court that the client knows about and agrees to the requested continuance. The requesting party must apprise the Court if they have previously been granted a trial date continuance in this particular action.

In *National Trust Insurance v. Graham Brothers Construction*, Defendant filed a summary judgment motion one day after the dispositive motion deadline, arguing that it had good cause for its untimely filing because counsel's daughter was sick three days prior to the deadline, which caused counsel to work fewer hours on those days to help care for the child. 916 F.Supp.2d 1244, 1250 (M.D. Fla. January 4, 2013). In denying the motion, the court noted that the relevant deadline had already been extended twice at Defendant's request and that Defendant failed to seek further extension of the deadline before it lapsed. The Court also observed that Plaintiff – which had timely filed a summary judgment motion of its own – would be prejudiced if the Court accepted Defendant's untimely filing because Defendant had the opportunity to review Plaintiff's motion before finalizing and filing its own motion.

If a party or its attorney fails to comply with Rule 16, "the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." F.R.C.P. 16(f)(2).

In a case from the District of Kansas, the district court refused to order sanctions where Defendants replaced an expert witness after the deadline set in a prior scheduling order. *N. Nat. Gas Co. v. Approximately 9117 Acres in Pratt, Kingman, and Reno Counties, Kan.*, 114 F.Supp.3d 1144, 1172 (D. Kan. July 8, 2015) (reversed in part on unrelated grounds *sub nom N. Nat. Gas Co. v. L.D. Drilling*, 862 F.3d 1221 (10th Cir. 2017)). The court found that Defendants' counsel had used the timely-disclosed expert in previous cases and the expert had always provided good reports and effective testimony. When the expert was first contacted regarding the case at issue, he was on pain medication due to a recent back surgery. Defendants' counsel recognized that the expert was somewhat impaired at that time, but he believed the

**DECISION ON MOTION TO CONTINUE TRIAL – 4**

problem would resolve when the expert stopped using pain medication. The expert told counsel he was tapering off pain medication, and at times the expert seemed focused and capable. But when Plaintiff deposed the expert, it became apparent the expert had not stopped his medication and that he would not be competent to testify. The court held that Defendants' counsel had diligently notified Plaintiff about his concerns regarding the expert's competence and the potential need to replace him and that the expert's "health problems were beyond counsel's ability to control or predict." As to prejudice, the court was "not persuaded that [Plaintiff] incurred much difficulty or extra work in coping with the late substitution." Accordingly, the court held that Defendants' noncompliance with Rule 16 was substantially justified, and therefore no sanctions were ordered under Rule 16(f)(2).

In a case from the District of Massachusetts, Plaintiff failed to appear at a scheduled pretrial conference due to an admitted error in scheduling. *O. Ahlborg & Sons, Inc. v. U.S.*, 233 F.R.D. 224, 226 (D. Mass. Dec. 13, 2005). The court recognized that Plaintiff's noncompliance with Rule 16 was "not intentionally disobedient," but it nonetheless found that "it is fair that the costs of its failure to comply with a noticed order of the court be borne by [Plaintiff] rather than by the defendant." The court expressly held that Plaintiff's noncompliance was not substantially justified.

### III. DISCUSSION

In the pending motion, Defendant seeks to continue a trial which is set to begin just a few weeks from now, after years of litigation and motion practice. Plaintiff understandably opposes the motion for reasons of expense, the difficulty in reassembling witnesses, the inconvenience for Plaintiff and his counsel in changing the extensive planning that has gone into the trial preparation, and because of the additional delay in bringing the case to a conclusion. In almost

**DECISION ON MOTION TO CONTINUE TRIAL – 5**

any other circumstance, the Court would not agree to allow for such a continuance because the filing of the motion on the eve of trial inescapably creates a hardship, will cause additional expense, and is potentially prejudicial to Plaintiff.  However, the reason for the requested continuance is a more compelling basis for granting the continuance than are the other factors for denying such a continuance.  Simply put, there are more important things at stake here that justify a continuance and the Court will grant the Defendant's motion.

In doing so, the Court has considered the possibility that another attorney, specifically Ms. Graham, in Mr. Kelly's law firm could handle the trial on her own.  However, the Court will not presume, based upon the full record of the case before it, that Ms. Graham has sufficient trial experience or knowledge of the case to enable her to conduct a full defense of the Plaintiff's claims against Defendant.  The same circumstances that justify a continuance of the trial also do *not* justify the Court requiring Defendant to choose a different attorney to act as lead counsel at trial, particularly where Mr. Kelly has done the great majority of the work in defending the case and where trial is set to begin in only a few weeks.

The Court also has considered the potential prejudice and related consequences, such as additional expense, that a trial continuance will inflict upon Plaintiff.  Just as it is no one's fault that Defendant's counsel found it necessary to seek a trial continuance, it also is not Plaintiff's fault that there will be negative consequences to him because of any continuance.

In balancing those interests, and in the interest of fairness and justice, the Court will require that Defendant pay the expenses, including reasonable attorney fees, incurred by Plaintiff as a direct result of the trial continuance that cannot reasonably be avoided.  The Court will not speculate upon what those expenses may be, other than to say that the Court is satisfied based

upon experience in other cases that such non-avoidable expenses may result from the continuance.

The Court will issue an order with a new trial setting and a new pretrial conference date. In that order, the Court will prescribe a procedure by which Plaintiff can present evidence of any non-avoidable expenses contended to have been incurred because of the continuance, and the Court will also prescribe a procedure by which Defendant can object to any award of such expenses. After considering the record thus created, the Court will decide upon what award, if any, will be entered in favor of Plaintiff. The Court's decision in that regard will be made in the exercise of its discretion in the management of the case, consistent with the federal and local rules of procedure, and will not depend in any way upon who may be the prevailing party after trial.

Finally, the Court advises the parties that the ruling upon this motion, based upon the underlying record, would be the same regardless of whether Defendant, or Plaintiff, had first brought the motion.

## IV. <u>CONCLUSION</u>

The Court will modify its Order Setting Trial by resetting the trial date and pretrial conference date. The trial setting for November 13, 2018 and the pretrial conference scheduled for October 23, 2018 will be vacated. New dates will be contained in a forthcoming order.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

## V. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's Motion to Continue Trial (Dkt. 115) is **GRANTED**, the trial setting for November 13, 2018 is **VACATED**.



DATED: October 19, 2018

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge