**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| JUN YU,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO STATE UNIVERSITY,<br><br>and<br><br>JOHN/JANE DOES I through X, whose true identities are presently unknown,<br><br>Defendants. | Case No.: 4:15-cv-00430-REB<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTIONS TO SEAL**<br>**(DKTS. 116, 126)** |

Pending are Defendant's Motion to Seal Dkt. Entry 115 and 115-1 (Dkt. 116) and Motion to Seal Dkt. Entry 124 and 124-1 (Dkt. 126). Having reviewed the briefing and supporting filings, and otherwise being fully advised, the Court enters the following Decision and Order:

### I. <u>BACKGROUND</u>

Plaintiff Jun Yu ("Yu") sued Defendant Idaho State University ("ISU") in 2015 under Title VI of the Civil Rights Act, after ISU dismissed Yu from its Doctoral Clinical Psychology Program in 2013. On February 8, 2018, after extensive discovery and motion practice, trial was set to begin on November 13, 2018. (Dkt. 67.) A pretrial conference was scheduled for October 23, 2018.

On October 12, 2018, Defendant's lead counsel Michael Kelly moved to continue trial until mid-January 2019 or later, based on a scheduling conflict of a personal and confidential nature. (Dkts. 115, 115-1.) On October 15, 2018, Defendant moved to seal its motion to continue and its affidavit of counsel in support of the motion to continue. (Dkt. 116.) On

**MEMORANDUM DECISION & ORDER RE DEFENDANT'S MOTIONS TO SEAL – 1**

October 16, 2018, Plaintiff filed a memorandum opposing Defendant's motion to continue trial (Dkt. 124), accompanied by an affidavit of counsel (Dkt. 124-1) and other filings (Dkts. 124-2, -3, and -4).[1]  On October 17, 2018, Defendant moved to seal Plaintiff's memorandum in opposition and affidavit of counsel (Dkt. 126).  Plaintiff filed a notice of non-opposition to Defendant's motions to seal.  (Dkt. 127.)

## II. <u>LEGAL STANDARD</u>

The legal standard applicable to a motion to seal depends on the subject matter of the target filings and on the procedural posture of the case.  Federal Rule of Civil Procedure 5.2, entitled "Privacy Protection for Filings Made with the Court," requires redaction or sealing of filings containing "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number."  F.R.C.P. 5.2(a), (d).  Although relied upon by Defendant in support of its motions to seal, this particular rule has no applicability to the question presented by Defendant's motions to seal.

More pertinent are whether the parties have presented "compelling reasons" to seal documents related to dispositive motions and other filings that relate to the merits of a case, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), or "good cause" to seal documents attached to non-dispositive motions.  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  The filings at issue do not involve dispositive motions or otherwise implicate the merits of the case; hence, it is the good cause standard that applies.  This good cause standard originates from Federal Rule of Civil Procedure 26(c), dealing with protective orders in discovery.  *Id.*  That is, "a particularized showing under the good cause

---

[1] The motion to continue trial is the subject of a separate memorandum decision and order.

**MEMORANDUM DECISION & ORDER RE DEFENDANT'S MOTIONS TO SEAL – 2**

standard of Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions."
*Id.* (internal quotation marks and citations omitted).

For good cause to exist in the protective order context, the party seeking protection must show that specific prejudice or harm will result if no protective order is granted. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–1211 (9th Cir. 2002). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* In light of *Kamakana's* holding that the standard for sealing records derives from the rule on protective orders, this Court will apply the good cause analysis outlined in *Phillips* while considering Defendant's motions to seal.

### III. <u>DISCUSSION</u>

Both of Defendant's motions to seal are similarly styled. They invoke Federal Rule of Civil Procedure 5.2(d)[2] and they argue that the filings contain counsel's "personal, confidential information." Both motions contend there is good cause for granting the motions. Defendant's more recent motion to seal argues, as an alternative basis to seal, that Plaintiff's counsel "is now also opining … in an attempt to embarrass, ridicule and insult counsel in a feigned attempt at empathy." (Dkt. 126 pp. 1–2.)

Neither Rule 5.2(d) nor Plaintiff's counsel's remarks provide a sufficient basis to seal the filings at issue. Rule 5.2 applies to specific categories of information that are not implicated here. And nothing in Plaintiff's counsel's remarks offers a basis for sealing, except perhaps

---

[2] Both motions also invoke District Local Civil Rule 5.3, which treats the procedural but not substantive requirements associated with sealing documents. Because the Court finds the motions substantially comply with the procedural requirements of Local Rule 5.3, this issue will not be further discussed in this memorandum decision.

**MEMORANDUM DECISION & ORDER RE DEFENDANT'S MOTIONS TO SEAL – 3**

claiming the information disclosed is personal and confidential. Such an argument is considered more fully below.

As described earlier, Defendant's underlying motion to continue trial is a non-dispositive motion to which *Kamakana* applies. Thus, the Court must assess whether Defendant has shown good cause (rather than the higher standard of "compelling reasons") for sealing the requested filings related to the motion. This analysis begins with an inquiry into whether Defendant has shown that "specific prejudice or harm will result" if the motions to seal are not granted.

Defendant does not expressly argue this point, other than to contend that good cause exists because of the subject matter of the filings. On review of such filings, the Court is persuaded that public disclosure of such filings does present a risk of specific prejudice or harm.[3]

Having found a "particularized harm" that would result from public disclosure of the subject filings, the next step is to balance the public and private interests at play. The Court is mindful of the "strong presumption in favor of access" to judicial records, including those at issue here. *Kamakana*, 447 F.3d at 1178. Nonetheless, the subject filings at issue are entirely unrelated to the merits of the case and they address only procedural matters related to scheduling. By contrast, counsel's private interest in the non-disclosure of the filings is significant. Without delving into the details, the Court agrees with Defendant's contention that the filings contain information deserving of confidentiality under applicable law. Balancing these interests, the Court finds that the private interest in sealing the filings outweighs the public interest in disclosure. Accordingly, the Court is persuaded that Defendant's motions to seal are supported by good cause.

---

[3] The Court will not go into further detail because to do so would obviate the purpose of sealing the filings.

Keeping in mind the presumption of public access, the Court has also considered whether a lesser remedy than sealing the requested docket entries might suffice. The Court has specifically considered whether the four subject filings could be partially redacted or otherwise modified to limit the extent of the judicial records to be kept from public disclosure. As to three of the four filings, the Court finds that sealing the documents in their entirety is appropriate.

Defendant's motion to continue trial (Dkt. 115) includes virtually no information besides the fact of the request to continue trial. Although Defendant has shown good cause to seal the other requested filings, it has not shown good cause as to this particular filing because it has not articulated any particularized harm that may result from its public disclosure. Accordingly, Defendant's motion to seal will be denied as to this filing.

Defendant's affidavit of counsel (Dkt. 115-1) includes ten numbered paragraphs. Six of the ten paragraphs contain information that should not be disclosed publicly. The four remaining paragraphs include boilerplate recitations or procedural details that have no bearing on the merits of the case. The filing will be sealed in its entirety.

Plaintiff's memorandum in opposition to Defendant's motion to continue (Dkt. 124) is seven pages long and expressly references details the Court deems confidential on four of those pages. It is conceivable that Plaintiff could submit a redacted version of this filing that would eliminate the need for sealing, but the Court will not require Plaintiff to undertake such an effort when such a large portion of the filing would be redacted and the public interest in accessing the remainder of the filing is limited. The filing will be sealed in its entirety.

Plaintiff's affidavit of counsel (Dkt. 124-1) includes 17 numbered paragraphs. Three of these paragraphs contain information that should not be disclosed publicly. It is again conceivable that Plaintiff could submit a redacted version of this filing that would eliminate the

need for sealing, but such an effort would add time and expense while serving little purpose, given that related documents are being sealed in their entirety. This filing, too, will be sealed in its entirety.

## IV. CONCLUSION

The Court finds Defendant's unopposed motion to seal docket entry 115 is not supported by good cause and such docket entry will not be sealed. However, the Court finds Defendant's unopposed motions to seal docket entries 115-1, 124, and 124-1 are supported by good cause and the motions will therefore be granted.

## V. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's Motion to Seal Dkt. Entries 115 and 115-1 (Dkt. 116) is **GRANTED IN PART AND DENIED IN PART** as follows: The Motion is **GRANTED** to the extent it seeks to seal docket entry 115-1, and the Motion is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal Dkt. Entries 124 and 124-1 (Dkt. 126) is **GRANTED**.

DATED: October 19, 2018

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge