# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| JUN YU,<br><br>　　Plaintiff,<br><br>vs.<br><br>IDAHO STATE UNIVERSITY,<br><br>　　Defendant. | Case No.: 4:15-cv-00430-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION IN LIMINE FOR THE PRESENCE OF PLAINTIFF'S REBUTTAL EXPERTS DURING TRIAL PROCEEDINGS**<br>**(DKT. 88)** |

　　This decision resolves Plaintiff's Motion in Limine for the Presence of Plaintiff's Rebuttal Experts During Trial Proceedings (Dkt. 88). The Court has considered the briefing of the parties and the related record regarding such briefing and concludes that oral argument is not necessary for the court to reach its decision.

## BACKGROUND

　　Plaintiff Jun Yu alleges that Defendant Idaho State University deliberately and unlawfully discriminated against him due to his national origin in violation of Title VI of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000d et. seq. FAC ¶ 353 (Dkt. 41). After extensive motion practice, this matter is set for trial. In this motion, Plaintiff seeks an order permitting his three rebuttal experts to be present in the courtroom during the entire trial, without being sequestered. Specifically, Plaintiff seeks to ensure that his rebuttal experts Erin Cooley, Ph.D., Nadya A. Fouad, Ph.D., and Linda Frye Campbell, Ph.D., are permitted to hear the trial testimony given by Defendant's expert Dru C. Gladney, Ph.D. Mem. ISO Plf.'s Mot. in Limine 3–5 (Dkt. 88-1).

**DECISION AND ORDER RE: PRESENCE OF EXPERTS DURING TRIAL – 1**

## LEGAL STANDARDS

As a general matter, Federal Rule of Evidence 615 requires the court to order witnesses excluded so that they cannot hear other witnesses' testimony, if a party so requests. But the rule does not authorize excluding a person whose presence a party shows to be essential to presenting the party's claim or defense. F.R.E. 615(c). Expert witnesses may, but do not necessarily, fall within such an exception. *U.S. v. Nosal*, 2013 WL 11327121 (N.D. Cal. March 29, 2013). A district court's decision regarding whether an expert is essential is discretionary. *U.S. v. Seschillie*, 310 F.3d 1208, 1213 (9th Cir. 2002).

Separately, Federal Rule of Evidence 703 provides in part that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." One permissible source of facts or data is "the firsthand observation of the witness, with opinions based thereon traditionally allowed." F.R.E. 703 Advisory Comm. Notes (1972 Proposed Rules).

## DISCUSSION

Plaintiff argues that "an expert who is not expected to testify to facts, but only assumes facts for purposes of rendering opinions, might just as well hear all of the trial testimony so as to be able to base his opinion on more accurate factual assumptions." Mem. ISO Plf.'s Mot. in Limine 7 (Dkt. 88-1) (quoting *Opus 3 Ltd. v. Heritage Park. Inc.*, 91 F.3d 625, 629 (4th Cir. 1996)). Plaintiff also contends that his rebuttal witnesses are "essential," and therefore not subject to exclusion under Federal Rule of Evidence 615(c), because their assistance and insights are necessary to Plaintiff's counsel to understand the testimony of, and to conduct the cross-examination of, Defendant's expert witness. *Id.* at 12.

Defendant, however, disputes that Plaintiff's rebuttal experts are essential witnesses, and it points out that it previously provided a summary of its expert's anticipated testimony. Def.'s Obj. to Plf.'s Mot. in Limine 3–4 (Dkt. 113). Defendant also suggests that the presence of three experts during the trial will be disruptive and prejudicial to the Defendant, in that their presence might infer a special role or relationship to the trial proceedings. *Id.* at 4.

On balance, the Court is persuaded in this setting that Plaintiff should be permitted to have his rebuttal witnesses present during trial proceedings. Expert testimony will be important to each party's trial presentations. To the extent that evidentiary disputes might arise over opposing experts' competing testimony, having experts present in the courtroom during other witnesses' testimony could reduce the number and complexity of such disputes.[1]

Hence, in the interest of providing a level playing field, and consistent with Federal Rule of Evidence 611's admonition that the court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to make the proceeding effective for determining the truth and avoid wasting time, the Court will allow all experts, from both parties, to be present during trial for any witness testimony. In making this ruling, the Court does not address any issues over overlapping or cumulative evidence that may be presented by the number of expert witnesses and any redundancy resulting from such multiple expert witnesses.

---

[1] The Court will require, however, that in any instance when the Court has excused the jury so that the Court can take up a matter with counsel outside the jury's presence, any expert witnesses will be required to leave the courtroom as well. Doing so will protect against an expert witness unfairly anticipating possible evidentiary issues involving his or her testimony because of having heard legal arguments and rulings as to other evidence or testimony. Counsel shall inform their expert witnesses of that requirement.

**DECISION AND ORDER RE: PRESENCE OF EXPERTS DURING TRIAL – 3**

## ORDER

Plaintiff's Motion in Limine for the Presence of Plaintiff's Rebuttal Experts During Trial Proceedings (Dkt. 88) is GRANTED. All expert witnesses from both parties will be permitted to be present in the courtroom during trial proceedings, including during expert testimony, subject to the limitation described in footnote one.



DATED: January 17, 2019

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge