# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| JUN YU,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO STATE UNIVERSITY,<br><br>    Defendant. | Case No.: 4:15-cv-00430-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION IN LIMINE FOR THE USE OF DEMONSTRATIVE EXHIBITS DURING EXPERT TESTIMONY**<br><br>**(DKT. 87)** |

This decision resolves Plaintiff's Motion in Limine for the Use of Demonstrative Exhibits During Testimony of His Expert and Rebuttal Expert Witnesses (Dkt. 87). The Court has considered the briefing of the parties and the related record regarding such briefing and concludes that oral argument is not necessary for the court to reach its decision.

## BACKGROUND

Plaintiff Jun Yu alleges that Defendant Idaho State University deliberately and unlawfully discriminated against him due to his national origin in violation of Title VI of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000d et. seq. FAC ¶ 353 (Dkt. 41). Plaintiff seeks permission to use demonstrative exhibits during the testimony of his multiple expert witnesses. (Dkt. 87.) He also seeks an order allowing such exhibits to be used by the jury.

## LEGAL STANDARDS

Plaintiff's motion implicates two rules of evidence. First, Federal Rule of Evidence 611(a) allows courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to make those procedures effective for determining the truth; avoid wasted time; and protect witnesses from harassment or undue embarrassment."

**DECISION RE: DEMONSTRATIVE EXHIBITS DURING EXPERT TESTIMONY – 1**

Second, Federal Rule of Evidence 1006 permits "use [of] a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." The decision is one of discretion for the Court.

## **DISCUSSION**

The Court begins its analysis with an eye toward the intended use of such exhibits. "[C]harts or summaries of testimony or documents already admitted into evidence are merely pedagogical devices, and are not evidence themselves." *U.S. v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991). Significantly, such pedagogical devices are "more akin to argument than evidence since [they] organize[] the jury's examination of testimony and documents already admitted in evidence." *U.S. v. Bray*, 139 F.3d 1104, 1111 (9th Cir. 1998) (citation and internal quotation marks omitted). "Trial courts have discretionary authority to permit counsel to employ such pedagogical-device 'summaries' to clarify and simplify complex testimony or other information and evidence or to assist counsel in the presentation of argument to the court or jury." *Id.*

Such summaries are permissible with appropriate procedural safeguards. *U.S. v. Olano*, 62 F.3d 1180, 1203–1204 (9th Cir. 1995). In *Olano*, the court properly admitted the testimony and summary charts of a non-expert summary witness in a three-month criminal trial involving several codefendants. *Id.* at 1188, 1195, 1203–1204. The appellate panel relied in part on various procedural safeguards used by the district court: the district court and the opposing parties had an opportunity to review the charts prior to their admission to the jury and the court gave a limiting instruction informing the jury that the summaries were not being admitted as substantive evidence. *Id.* at 1204. Moreover, citing *U.S. v. Baker*,[1] the appellate panel held that

---

[1] 10 F.3d 1374 (9th Cir. 1993) (overruled on other grounds by *U.S. v. Nordby*, 225 F.3d 1053 (9th Cir. 2000)).

**DECISION RE: DEMONSTRATIVE EXHIBITS DURING EXPERT TESTIMONY – 2**

"such summaries should be admitted under Rule 611(a) only in exceptional cases." *Id.*

*Baker* presented even more exceptional facts than did *Olano*. The trial in *Baker* "lasted over 16 months, produced over 30,000 pages of transcripts, and involved over 250 witnesses and thousands of exhibits presenting evidence involving over 2,000 narcotics transactions spanning an 11-year trial. Of the 24 defendants charged in the 44-count superseding indictment, 15 initially went to trial." 10 F.3d at 1386. In that setting, the trial court admitted the testimony and summary evidence of a non-expert accountant witness. *Id.* at 1412. In concluding the district court had not erred, the appellate panel held that admitting the testimony and summary evidence was a valid exercise of the district court's discretion under Federal Rule of Evidence 611(a). *Id.* The panel quoted 5 Weinstein's Evidence ¶ 1006(03) for the proposition that a summary "prepared by a witness from his own knowledge to assist the jury in understanding or remembering a mass of detail … is admissible, not under Rule 1006, but under such general principles of good sense as are embodied in Rule 611(a)." *Id.* (omission in original). Moreover, the *Baker* panel opined that "a summary of oral testimony is generally the purpose and province of closing argument, and we believe that it would have been more appropriate for the prosecutor to present [the witness's] summary exhibits and valuations in his closing remarks." *Id.* The district court in *Baker* used similar procedural safeguards as used in *Olano*. *Id.* at 1412–1413.

The amount of information, as discussed in the decisions referenced above, is one factor. Another factor is the subject matter. Here, Plaintiff seeks to use such exhibits as part of the testimony of expert witnesses. In addition to seeking permission for his experts to use pedagogical device summaries during their testimony, Plaintiff also seeks to have such summaries provided to the jury. A leading treatise addresses such requests: "While a court retains discretion to permit the jury to take such aids into their deliberation, most courts do not

allow it. The better practice is not to allow jury aids into the jury room without the consent of all parties since they are more akin to argument than evidence." 6 Weinstein's Evidence ¶ 1006.08(4) (citing *U.S. v. Gardner*, 611 F.2d 770, 776 n.3 (9th Cir. 1980)).

Plaintiff argues that his case presents complex issues, numerous facts, and the use of multiple expert witnesses whose testimony will be intricate, specialized, and technical. He says using demonstrative exhibits will enable his experts "to efficiently and effectively explain points within their testimony that require elaboration and summarization" which will help the jury more efficiently carry out its duties and help avoid delay. Mem. ISO Plf.'s Mot. in Limine 7 (Dkt. 87-1). Plaintiff submitted exhibits which he describes as exemplars of what his requested demonstrative exhibits would show and how they would show it. (Dkt. 87-2.)

The Defendant opposed the motion and noted that Plaintiff's exemplars contained inadmissible portions of disclosed expert reports (Dkt. 111). Plaintiff then submitted a new exemplar in the form of a Powerpoint presentation slide deck rather than an excerpt from a word processing document. (Dkts. 121, 121-1, 121-2.) That new exemplar consists of sixteen slides relevant to the anticipated testimony of Plaintiff's economics expert Tyler J. Bowles. The first slide states that Dr. Bowles "[w]ill testify to the economic losses suffered by Mr. Yu." The next two slides discuss Dr. Bowles's qualifications and experience. Next is a slide stating "Present Value of Mr. Yu's Lost Earnings $2,185,793 as of 2016." This slide appears ahead of numerous slides detailing bases for the expert's opinion and the process he followed to reach the stated dollar figure. The final two slides are entitled "Summary: Application of Economic Principles & Use of Key Indicators" and "Mr. Yu's Economic Losses, as of 2016."

After considering the Plaintiff's argument on the motion, and the Defendant's opposition to the same, and considering the nature of expert testimony, the issues presented in this case, and

the details of the proposed exemplar, the Court is not persuaded that Plaintiff's claim in this matter is so complex and fact-intensive that the case is "exceptional" like *Olano* or *Baker*. Those cases each involved multi-month trials with multiple defendants where there was so much information presented to the jury that the use of a summary witness *dealing with factual matters* was justified. Here, by contrast, a six-day trial is scheduled for Plaintiff to try a single discrimination claim raised by a former doctoral student against his university.

Moreover, the exhibits Plaintiff seeks to use are not intended "to prove the content of voluminous writings" under Rule 1006. The exhibits might serve, under Rule 611(a), "to clarify and simplify complex testimony or other information and evidence or to assist counsel in the presentation of argument" under *Bray*, but Plaintiff has not shown that his experts' testimony is likely to be so complex that using the proposed exhibits is justified. Indeed, juries in federal civil cases are routinely expected to absorb and interpret expert testimony of the nature disclosed in Plaintiff's exemplar for his economics expert.

Additionally, Plaintiff's revised exemplar goes beyond providing a summary of his expert's anticipated testimony.[2] The last two slides of his exemplar, arguably, do summarize the crux of his expert's anticipated damages testimony and might be admissible for that purpose. But the remaining slides detailing the expert's qualifications, experience, and methodology are more akin to a restatement of his expert report than a summary of his anticipated testimony that is likely to be particularly helpful to the jury.

For these reasons, Plaintiff's motion will be denied. This ruling does not foreclose the

---

[2] One of the slides includes purported credentials of some one or more persons to whom Dr. Bowles spoke, or has dealt with in the past, apparently as some means of bolstering Dr. Bowles' credibility. Such information has no mooring, in the Court's view, to the proper nature of such exhibits.

possibility that the Court will allow a demonstrative summary of Dr. Bowles' specific opinions on the plaintiff's alleged damages and to use the same for demonstrative purposes during his testimony, subject to possible objections and the applicable evidence rules. As a general matter, such summary exhibits in the testimony of an economic expert witness do assist the jury in following the testimony of the expert on such ultimate opinions.[3] An exhibit of that nature is much different than multiple exhibits that are more like following the bouncing ball of the testimony as it is elicited, which is what Plaintiff's exemplar exhibit resembles. In other words, the exemplar exhibit puts on the screen what the witness apparently is expected to testify upon, along with editorial comment (that is, argument) which comes from counsel. In the exercise of its discretion, for the reason that such exhibits do not meet the objectives or the guidelines of Rules 611 and 1006, the Court will not allow exhibits of that nature.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine for the Use of Demonstrative Exhibits During Testimony of His Expert and Rebuttal Expert Witnesses (Dkt. 87) is **DENIED**.

DATED: January 28, 2019

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

---

[3] It is unlikely, however, that the Court would permit such an exhibit to go to the jury room.

**DECISION RE: DEMONSTRATIVE EXHIBITS DURING EXPERT TESTIMONY – 6**