# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| JUN YU,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO STATE UNIVERSITY,<br><br>    Defendant. | Case No.: 4:15-cv-00430-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION IN LIMINE REQUESTING THE COURT TO TAKE JUDICIAL NOTICE**<br><br>**(DKT. 86)** |

This decision resolves Plaintiff's Motion in Limine Requesting the Court to Take Judicial Notice (Dkt. 86).

## BACKGROUND

Plaintiff Jun Yu alleges that Defendant Idaho State University deliberately and unlawfully discriminated against him due to his national origin in violation of Title VI of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000d et. seq. FAC ¶ 353 (Dkt. 41). In this motion, Plaintiff requests that the Court take judicial notice of public and official domestic records pertaining to whether Defendant received federal funds during the period relevant to the events at issue in this lawsuit. (Dkt. 86.)

## LEGAL STANDARDS

Federal Rule of Evidence 201(b)(2) allows a court to take judicial notice of adjudicative facts not subject to reasonable dispute. Most commonly, judicial notice occurs with adjudicative facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The court may take judicial notice on its own, but it must do so "if a party requests it and the court is supplied with the necessary information." F.R.E. 201(c)(2). In

**DECISION RE: PLAINTIFF'S MOTION IN LIMINE RE: JUDICIAL NOTICE – 1**

civil cases, the court must instruct the jury to accept the noticed fact as conclusive. F.R.E. 201(f). Under Rule 201, a court may take judicial notice of undisputed matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–690 (9th Cir. 2001).

## DISCUSSION

Plaintiff alleges that Defendant violated Title VI of the Civil Rights Act. FAC ¶¶ 351–353 (Dkt. 41.) To prevail at trial, Plaintiff must prove, among other things, that he has a prima facie claim of Title VI discrimination. To prove Title VI discrimination, Plaintiff must show (1) he was "subjected to discrimination" due to "race, color, or national origin," (2) by a "program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The term "program or activity" means "all of the operations of …. [a] college, university, or other postsecondary institution, or a public system of higher education." 42 U.S.C. § 2000d-4a(2)(A). Under this definition, "entire entities receiving federal funds – whether governmental entities, school systems, or universities – must comply with Title VI, rather than just the particular program or activity that actually receives the funds." *Grimes v. Superior Home Health Care of Middle Tenn., Inc.*, 929 F.Supp. 1088, 1091–1092 (M.D. Tenn. June 19, 1996). Thus, to make out his prima facie claim of Title VI discrimination, Plaintiff must show that Idaho State University, rather than merely the ISU Graduate School or the ISU Department of Psychology, received federal financial assistance at the relevant times.

In the instant motion, Plaintiff asks the Court to take judicial notice that Defendant "has been a recipient of federal funds at all times relevant" to his claims (apparently seeking to prove the second element of his prima facie Title VI claim). Plf.'s Mot. in Limine Requesting Judicial Notice 1 (Dkt. 86). To support this request, Plaintiff directs the Court to "public and official domestic records … that prove that Defendant received federal funds from July 1, 2007 through

**DECISION RE: PLAINTIFF'S MOTION IN LIMINE RE: JUDICIAL NOTICE – 2**

June 30, 2014." *Id.* at 2.

Plaintiff's motion relies upon excerpts from various sources: The Idaho Fiscal Sourcebook, 2017 Edition (Dkt. 86-2) and the Idaho 2018 Legislative Budget Book (Dkt. 86-3), both published by the Legislative Services Office, Budget & Policy Analysis; Idaho State University Financial Statements for the Years Ended June 30, 2010 and 2009 and Independent Auditors' Report (Dkt. 86-4); Idaho State University Annual Financial Report FY11 (Dkt. 86-5); Idaho State University FY12 Annual Financial Statements (Dkt. 86-6); Idaho State University FY13 Annual Financial Statements (Dkt. 86-7); and Idaho State University FY14 Annual Financial Statements (Dkt. 86-8).

Plaintiff contends that these documents are all public records. He contends that such records establish that Defendant received federal funds during the period from July 1, 2007 through June 30, 2014. Indeed, the various financial statements each show Defendant received federal funds as revenues in the form of grants, contracts, or awards during the specific period.

Defendant says that the motion (and, therefore, the relief it seeks) is unnecessary. (Dkt. 109). Defendant admitted receiving federal funds in its Answer to Plaintiff's First Amended Complaint. (Dkt. 48.) Accordingly, Defendant argues, taking judicial notice of the documents Plaintiff submitted serves no purpose because there is no dispute that Defendant received federal funds.

In reply, Plaintiff says for the first time that he seeks an order taking judicial notice that Defendant received federal financial assistance during all relevant times, rather than merely at the point in time he filed his First Amended Complaint or the moment at which Defendant filed its Answer. (Dkt. 120.) A closer review does reveal that Plaintiff's First Amended Complaint alleged that Defendant "receives" federal financial assistance rather than alleging that Defendant

**DECISION RE: PLAINTIFF'S MOTION IN LIMINE RE: JUDICIAL NOTICE – 3**

"did receive" such assistance during a particular time frame, thus creating an arguable ambiguity. FAC ¶¶ 3, 345 (Dkt. 41). However, Defendant does not appear to be attempting to argue or embrace any such ambiguity in defending against Plaintiff's discrimination claim. To the contrary, Defendant says flatly and clearly that there is no dispute that "the Defendant received federal funding at all times relevant to the Plaintiff's claims." (Dkt. 109 at 2.)

Regardless, Plaintiff has shown that judicial notice is appropriate as to Plaintiff's submissions noted above because they are public records not subject to reasonable dispute. Furthermore, the Court is satisfied based on such documents that judicial notice is appropriate as to the element of Count One of Plaintiff's First Amended Complaint requiring that a Title VI defendant be a "program or activity receiving Federal financial assistance." Accordingly, the Court grants Plaintiff's motion requesting judicial notice.[1]

## ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine Requesting the Court to Take Judicial Notice (Dkt. 86) is **GRANTED**. The Court takes judicial notice of the following documents and their contents:

- Idaho Fiscal Sourcebook, 2017 Edition, published by the Legislative Services Office, Budget & Policy Analysis (Dkt. 86-2);

- Idaho 2018 Legislative Budget Book, published by the Legislative Services Office, Budget and Policy Analysis (Dkt. 86-3);

---

[1] There is no reason to take up Defendant's allegation that Plaintiff's motion was frivolous (Dkt. 109), nor whether Defendant's objection required filing a Notice of Non-opposition under Local Civil Rule 7.1(a)(5), as alleged by Plaintiff (Dkt. 120). Such matters simply reflect a degree of pique between counsel as sometimes happens in litigation and neither the time of counsel nor of the Court needs to be further occupied on such matters. The allegations are not relevant to the Court's consideration of the motion.

**DECISION RE: PLAINTIFF'S MOTION IN LIMINE RE: JUDICIAL NOTICE – 4**

- Idaho State University Financial Statements for the Years Ended June 30, 2010 and 2009 and Independent Auditors' Report (Dkt. 86-4);

- Idaho State University Annual Financial Report FY11 (Dkt. 86-5);

- Idaho State University FY12 Annual Financial Statements (Dkt. 86-6);

- Idaho State University FY13 Annual Financial Statements (Dkt. 86-7);

- and Idaho State University FY14 Annual Financial Statements (Dkt. 86-8).

Further, the Court takes judicial notice of the fact that Defendant Idaho State University was a "program or activity receiving Federal financial assistance" during the period from July 1, 2007 through June 30, 2014. Hence, the Court deems this fact proven, as a matter of law, for purposes of satisfying one element of the proof needed to establish discrimination under Title VI as alleged in Count One of Plaintiff's First Amended Complaint (Dkt. 41).

DATED: January 28, 2019

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**DECISION RE: PLAINTIFF'S MOTION IN LIMINE RE: JUDICIAL NOTICE – 5**