UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JUN YU,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO STATE UNIVERSITY,<br><br>    Defendant. | Case No.: 4:15-cv-00430-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION IN LIMINE RE: MCDONNELL-DOUGLAS PROCEDURE**<br><br>**(DKT. 83)** |

This decision resolves Plaintiff's Motion in Limine Requesting the Court to Order the Application at Trial of the *McDonnell Douglas v. Green* Procedure and Framework (Dkt. 83).

## BACKGROUND

Plaintiff Jun Yu alleges that Defendant Idaho State University deliberately and unlawfully discriminated against him due to his national origin in violation of Title VI of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000d et. seq. FAC ¶ 353 (Dkt. 41). In this motion, Plaintiff requests that the Court adhere to the procedural order and evidentiary proof and burden-shifting framework established by the United States Supreme Court in *McDonnell-Douglas v. Green*, 411 U.S. 792 (1973). Plaintiff also requests that he be allocated two-thirds of trial time, rather than the previously-ordered one-half.

## LEGAL STANDARDS

The *McDonnell-Douglas* framework consists of a three-step process setting forth the basic allocation of burdens and order of presentation of proof in a Title VII case alleging discriminatory treatment. *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 252 (1981). The process also applies in Title VI cases such as the one at bar. *Rashdan v. Geissberger*, 764 F.3d 1179, 1183 (9th Cir. 2014). Under the process,

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Burdine*, 450 U.S. at 252–253 (citations and internal quotation marks omitted).

The *McDonnell-Douglas* "legal proof structure is a tool to assist plaintiffs at the summary judgment stage so that they may reach trial." *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir. 2002) (en banc), *aff'd*, 539 U.S. 90 (2003). "[W]hen the defendant fails to persuade the district court to dismiss the action for lack of a *prima facie* case, and responds to the plaintiff's proof by offering evidence of the reason for the plaintiff's rejection, the fact finder must then decide whether the rejection was discriminatory within the meaning of Title VII. At this stage, the *McDonnell-Burdine* presumption drops from the case and the factual inquiry proceeds to a new level of specificity." *United States Postal Serv. Bd. v. Aikens*, 460 U.S. 711, 714–715 (1983).

"The *prima facie* case method established in *McDonnell Douglas* was never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination. Where the defendant has done everything that would be required of him if the plaintiff had properly made out a *prima facie* case, whether the plaintiff really did so is no longer relevant." *Id.* at 715. Nothing about the framework requires that trial courts treat discrimination differently from other ultimate questions of fact. *Id.* Nor should courts "make their inquiry even more difficult by applying legal rules which were devised to govern the allocation of burdens and order of presentation of proof in deciding this ultimate question." *Id.* (citation and internal

**DECISION RE: MCDONNELL-DOUGLAS PROCEDURE – 2**

quotation marks omitted).

It is error to charge the jury with the elements of the McDonnell-Douglas *prima facie* case, because the technical elements of the presumptions and shifting burdens have significant potential to confuse juries. *Sanghvi v. City of Claremont*, 328 F.3d 532, 540–541 (9th Cir. 2003) (citing *Costa*, 299 F.3d at 855). Indeed, "[r]egardless of the method chosen to arrive at trial, it is not normally appropriate to introduce the *McDonnell Douglas* burden-shifting framework to the jury. At that stage, the framework unnecessarily evades the ultimate question of discrimination *vel non*." *Costa*, 299 F.3d at 855–856 (citation, footnote, and internal quotation marks omitted).

## **DISCUSSION**

Plaintiff wants trial to proceed in four phases, comprised of (1) Plaintiff's presentation of his *prima facie* case of discrimination; (2) Defendant's presentation of its claimed legitimate reasons for dismissing Plaintiff; (3) Plaintiff's presentation to demonstrate that Defendant's claimed reasons were pretextual; and (4) Plaintiff's presentation of rebuttal evidence in response to Defendant's presentation of evidence in the second phase. Plf.'s Mem. ISO 2–3 (Dkt. 83-1). Plaintiff cites no authority for the proposition that such a phased approach at trial has been implemented by a trial court or upheld by a reviewing court. The Court has not independently identified any cases supporting such an approach.

Federal Rule of Evidence 611(a) provides that the court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to make those procedures effective for determining the truth and avoid wasting time. In an exercise of discretion under such Rule, the Court will deny Plaintiff's motion as to the order of proof and related trial procedures.

The *McDonnell-Douglas* burden-shifting framework is best used in pre-trial proceedings

**DECISION RE: MCDONNELL-DOUGLAS PROCEDURE – 3**

to assess whether Plaintiff can establish a *prima facie* case of discrimination. Plaintiff's burden at trial is not merely to establish such a *prima facie* case, but to persuade the jury on the ultimate issue of discrimination. Plaintiff has already cleared the hurdles of motion practice so that he may reach trial on the merits, as the Court previously ruled that Plaintiff "has made a prima facie case establishing his Title VI claim." Mem. Decision and Order Re: Def.'s Renewed MSJ 16 (Dkt. 63).

Beyond not being helpful to employ the framework at trial, there is a substantial risk that its use could confuse the jury, deprive Defendant of the opportunity to present its full case,[1] and otherwise delay the proceedings. For these reasons, the motion is denied to the extent it seeks use of the *McDonnell-Douglas* framework at trial.

Plaintiff also requested he be allocated two-thirds, rather than one-half, of trial time because his case is "complex and fact-intensive." In part, his reason for doing so was because of the time he believed would be needed if a bifurcated order of proof, as he requested, was adopted by the Court. The Court will not restructure the ordinary nature of the burdens and proof at trial, so the primary reason put forward by Plaintiff for an uneven division of the trial time does not exist. However, the Court is persuaded that Plaintiff should be allowed some additional time greater than that allowed to the Defendant to present his case because of the need to present a *prima facie* case and also to meet the defenses of Defendant as currently revealed in the case to date. Therefore, in the exercise of its discretion, the Court allocates 22 hours of trial time to Plaintiff and 18 hours of trial time to Defendant. This equates to 55% of trial time for Plaintiff

---

[1] Plaintiff's requested four-phase approach would apparently limit Defendant to presenting evidence only on the subject of "its claimed legitimate reasons for the Defendant taking the adverse educational action against the Plaintiff." Plf.'s Mem. ISO 3 (Dkt. 83-1). Defendant also points out that the framework would allow, in practical terms, Plaintiff to present two cases-in-chief to Defendant's one.

**DECISION RE: MCDONNELL-DOUGLAS PROCEDURE – 4**

and 45% of trial time for Defendant. The actual allotted trial time for each party may be adjusted during trial if unexpected circumstances call for such adjustment.

## ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine Requesting the Court to Order the Application at Trial of the *McDonnell Douglas v. Green* Procedure and Framework (Dkt. 83) is **DENIED.**

As to the allocation of trial time, Plaintiff is allocated 55% of trial time, presently estimated at 22 of 40 hours, and Defendant is allocated 45% of trial time, presently estimated at 18 hours.

DATED: February 8, 2019

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge