UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JUN YU,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO STATE UNIVERSITY,<br><br>    Defendant. | Case No.: 4:15-cv-00430-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION IN LIMINE REQUESTING THE COURT TO EXCLUDE DRU C. GLADNEY, PH.D. AS AN EXPERT WITNESS OR STRIKE HIS TESTIMONY (DKT. 89)** |

This decision resolves Plaintiff's Motion in Limine Requesting the Court to Exclude Dr C. Gladney, Ph.D., as an Expert Witness or Strike His Testimony (Dkt. 89).

## BACKGROUND

Plaintiff Jun Yu alleges that Defendant Idaho State University (hereafter "Defendant" or "ISU") deliberately and unlawfully discriminated against him due to his national origin in violation of Title VI of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000d et. seq. FAC ¶ 353 (Dkt. 41). In this motion, Plaintiff seeks an order excluding Defendant's expert Dr. Gladney as a witness or striking his testimony and limiting the topics on which he may testify.

## LEGAL STANDARDS

Pursuant to the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), a trial judge must ensure that expert testimony is both relevant and reliable. *Wendell v. GlaxoSmithKline LLC*, 858, F.3d 1227, 1232 (9th Cir. 2017). Testimony is relevant if it "logically advance[s] a material aspect of [a] party's case." *Estate of Barabin v. Astenjohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (citation omitted). This is a "low" bar. *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995)).

**DECISION RE: MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT – 1**

The goal of the reliability inquiry is for district courts to "play an active and important role as gatekeepers examining the full picture of the experts' methodology and preventing shoddy expert testimony and junk science from reaching the jury." *Murray v. Southern Route Maritime SA*, 870 F.3d 915, 923 (9th Cir. 2017) (citing *Daubert*, 509 U.S. at 595–97). More specifically, the reliability inquiry "asks whether an expert's testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *United States v. Wells*, 879 F.3d 900, 933–34 (9th Cir. 2018) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999), with alteration omitted).

## DISCUSSION

Plaintiff's motion seeks (1) to strike the entire testimony of Dr. Gladney under Federal Rules of Civil Procedure 26 and 37; (2) to exclude Dr. Gladney as an unqualified expert under Federal Rule of Evidence 702; and/or (3) to strike Dr. Gladney's testimony in whole or in part as inadmissible under Federal Rules of Evidence 702, 703, 704, 104, 402, and 804. The Court will first address the issue of Defendant's disclosure of Dr. Gladney as an expert and will then address the issue of Dr. Gladney's qualification as an expert.

1. <u>The Court Will Not Strike or Limit Dr. Gladney's Testimony Under FRCP 26 or 37.</u>

Plaintiff argues that Defendant's disclosure of Dr. Gladney as an expert failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). He contends that Dr. Gladney's curriculum vitae ("CV") was not current and that Dr. Gladney's expert report did not attach (but did reference) an Exhibit B providing Dr. Gladney's experience testifying in other cases in the previous four years. He also challenges the completeness of Dr. Gladney's report with respect to the opinions it expresses and the bases for such opinions.

Rule 26 places certain requirements upon the details of an expert witness disclosure. If a

**DECISION RE: MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT – 2**

disclosed expert report falls short of the requirements, the expert may not be allowed to testify in whole or in part. FED. R. CIV. P. 37(c)(1). However, such sanctions do not apply if the party's failure was substantially justified or harmless. *Id.* The party facing the sanction has the burden of showing substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

The Court is not persuaded under Rule 26(a)(2)(B)(iv) that Plaintiff has shown that Defendant failed to disclose "the witness's qualifications, including a list of all publications authored in the previous 10 years." Plaintiff's initial argument was that Dr. Gladney's CV, which was provided in 2016, showed no publications since 2011. However, the first page of the CV indicates it was current as of March 2015. The CV also discloses three forthcoming publications, including one that was scheduled to be published in September 2014. There is a cobbled overlap in the dates of all of that, but nothing indicates that the required information (as opposed to a particular date on which the document may have been prepared) was not current as to this particular detail at the time it was disclosed, and therefore it does not run afoul of Rule 26 – at least as to the detail of the witness's qualifications and publications.

However, the Rule 26(a)(2)(B)(v) requirement was not met – that there be a disclosure of "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Defendant's disclosure contains a reference to an "Exhibit B" to Dr. Gladney's report that was to include such a list, but there was no such list provided with the disclosure and it was never provided subsequently, even after the omission was highlighted in the instant motion.

The question then remains as to whether the failure to provide the testimony list was substantially justified or harmless. Defendant contends Plaintiff has not shown that he was

**DECISION RE: MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT – 3**

prejudiced, but Plaintiff argues that "[i]f the improperly disclosed expert is allowed to testify, the harm to Mr. Yu will be significant and irremediable now on the near eve of trial." Mem. ISO 9 (Dkt. 89-1). Specifically, Mr. Yu describes "the impact upon his trial team in preparing to cross-examine Dr. Gladney, if permitted to testify, without having the required disclosure of and the ability to prepare using his recent past testimonial experience." *Id.* Defendant also argues that Plaintiff could have deposed Dr. Gladney, but, of course, a party is not required to depose an opposing expert and the fact that a deposition was not taken does not in any way excuse a failure to comply with Rule 26 expert disclosure requirements.

Not having the required information makes it more difficult, albeit not necessarily impossible, to locate information about prior instances in which Dr. Gladney has testified in the four years prior to the disclosure. The information should have been provided, and there is no explanation that the court can discern for why – at a minimum – the information was not immediately disclosed once the Plaintiff's motion was filed on September 28, 2018. At that point, even if the failure to include the information in the disclosure was an oversight, it should have immediately been corrected. But, there is also the failure on the part of the Plaintiff's counsel to explain why the missing information from "Exhibit B" was not made known to Defendant's counsel with a request that it be supplied as soon as possible. The Court recognizes that there is no specific duty under Rule 26 to do so (although Rule 1 could be read to impose such a duty), but it is also more difficult for a party to claim prejudice in trial preparation in not having such information when it knows it does not have it and has sat on its hands about it.

Finally, Plaintiff does not explain how his trial team would prepare differently if it had access to the subject information. Such an explanation is a bit of a circular exercise, the Court acknowledges. In other words, if the information is missing, how can Plaintiff explain to the

**DECISION RE: MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT – 4**

Court how he is prejudiced by not having it? But the fact of this bare record on the subject illustrates that the question of prejudice is completely undefined. Is it possible that there might be information in the details of the prior testimony that could be mined by Plaintiff to assist his counsel's cross-examination of Dr. Gladney? Maybe. Is it probable? Perhaps. Might there be nothing of significance at all, at least as it pertains to Dr. Gladney's testimony in this case? Who knows?

On the present record, the Court is left with two conclusions. First, the expert disclosure of Dr. Gladney violated Rule 26(a)(2)(B)(v) by failing to provide Dr. Gladney's prior testimony. Second, despite knowing of that omission, (1) Plaintiff never made a specific request to Defendant to remedy the failure; and (2) Defendant never provided the missing information. In the exercise of its discretion, the Court concludes that – on the present record – the open question of whether any prejudice has resulted tips the balance into a finding of harmlessness. However, the Court requires Defendant to provide the list to Plaintiff's counsel – from four years prior to the date of the disclosure current to February 19, 2019 – no later than February 19, 2019. Plaintiff may then file a memorandum (no more than ten pages in length) no later than February 22, 2019 outlining any further argument Plaintiff may have as to prejudice in the failure to provide such information at an earlier time.

2. <u>Dr. Gladney Is Partially Qualified to Provide Expert Testimony Under FRE 702.</u>

Dr. Gladney possesses a Ph.D. in social anthropology. He is a full professor in the Department of Anthropology at Pomona College in California, where he has worked since 2006. His scholarly work concentrates on field work in China, Asia Minor, and elsewhere abroad regarding minority populations, including ethnic and religious minorities in those locations. He has published extensively.

**DECISION RE: MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT – 5**

> Defendant's expert witness disclosure of Dr. Gladney states that
>
> > Dr. Gladney is designated to provide expert testimony on the issue of minority affairs, ethnicity and the Chinese culture within our educational system. He will opine as to the ability of Chinese students including the Plaintiff to acclimate to U.S. educational institutions and their ability to acclimate to the nuances of our society. Dr. Gladney will also be utilized to rebut the Plaintiff's experts' opinions regarding adverse racism.

(Dkt. 89-3.) The disclosure says Dr. Gladney will provide expert opinions on particular subjects. It does not itself contain "a complete statement of all opinions the witness will express and the basis and reasons for them" as required by Rule 26(a)(2)(B)(i). Therefore, the only source identifying his opinions is his expert report. (Dkt. 89-5.)

Plaintiff contends that Dr. Gladney should be excluded as a witness because he is not qualified as an expert under Federal Rules of Evidence 702, 703, and 704. First, Plaintiff argues that each of Dr. Gladney's opinions is either not relevant to any subject at issue in this lawsuit or is a matter of common sense and knowledge such that expert testimony would not assist the jury. Next, Plaintiff argues that Dr. Gladney's opinions are inadmissible under Federal Rule of Evidence 702 because they fail to meet the applicable standards of intellectual rigor. Plaintiff finds fault in Dr. Gladney's reference to just one scholarly publication, the "Wholeren Paper," which Plaintiff argues is both irrelevant and flawed. Finally, Plaintiff contends that certain of Dr. Gladney's opinions should be excluded as impermissible opinions of law that invade upon the province of the judge and jury.

In opposition, Defendant says that "Plaintiff does not get to dictate the Defendant's case-in-chief and what specific testimony Dr. Gladney should provide as an expert." That is true, so far as it goes, but it is not specifically responsive to all of Plaintiff's objections to Dr. Gladney's testimony. Defendant then takes issue with Plaintiff's listing of "subjects at issue for trial," arguing that Defendant is entitled to present evidence – including properly-disclosed expert

**DECISION RE: MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT – 6**

testimony – on any issue relevant at trial.  Defendant asserts that Dr. Gladney is qualified to provide "an expert opinion as to whether Plaintiff was able to properly acclimate to U.S. culture and whether he was subject to deliberate and unlawful discrimination in violation of Title VI." Defendant quotes from Federal Rule of Evidence 703, which provides in part that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."  Dr. Gladney's report also states that his opinions are based upon his background, education, and experience, in addition to the materials he reviewed and relied upon.

It is, as mentioned above, entirely the decision of the party to decide whether to seek to provide expert testimony and on what issues and subjects.  Part of Plaintiff's argument in bringing this motion appears to be focused on the perception that Dr. Gladney can only be utilized as some sort of opposing viewpoint to the opinions Plaintiff intends to elicit from his own expert witnesses, particularly in the context of aversive racism and the field of psychology. But the Defendant is entitled to offer expert testimony in support of its own theories of the case, particularly as to the defenses being raised to Plaintiff's claim of discrimination.  Among other things, Dr. Gladney is being offered to provide his opinion as to why Plaintiff did not succeed in the doctoral program, as an alternative explanation to Plaintiff's claim of discrimination.  That is an appropriate subject for the Defendant to pursue, and for the Defendant to proffer expert testimony upon, so long as the proffered testimony otherwise complies with applicable law and the rules of evidence.

The Court is persuaded that Defendant has shown that Dr. Gladney is qualified, as a social anthropologist with extensive experience working in China and with Chinese nationals, to opine as to the cultural differences and difficulties Chinese nationals encounter in American society, particularly in an academic setting.  He need not be a clinical psychologist or have

familiarity with an academic program in clinical psychology to be qualified to opine generally on difficulties that Chinese nationals may experience as students in America. The Court is also persuaded that such testimony would assist the jury because it is relevant to Defendant's stated reason for dismissing Plaintiff – that he could not successfully complete a clinical internship because he could not relate well culturally to his patients.

However, the Court rules that Dr. Gladney is not qualified to opine or has not made an adequate disclosure under Rule 26 as to (1) any opinions he might offer regarding cultural difficulties specific to the study or practice of clinical psychology; (2) any opinions upon whether Defendant's actions or inactions dealing with Plaintiff were justified; or (3) any opinions as to whether Defendant's dismissal of Plaintiff was discriminatory.

For convenience, the Court addresses here each of the four paragraphs that arguably could be said to describe opinions Dr. Gladney intends to express as contained in his report.[1] The opinions contained in the first paragraph on the second page of his report, including a quotation from the Wholeren Paper, are admissible because Dr. Gladney's background and experience qualify him to opine on this subject.[2]

The opinions in the next paragraph, which discuss challenges specific to second-language learners studying in the field of or training for practice (such as in an internship setting) in clinical psychology, will not be permitted. Nothing in Dr. Gladney's report, CV, or background

---

[1] The Court notes here that Rule 26(a)(2)(B)(i) requires both "a complete statement of all opinions" and "the basis and reasons for them." The particular opinions that the Court will not allow, as further described in this decision, implicate one or both of these prongs, as well as the deficiencies in an adequate description of "the facts and data considered by the witness in forming them" which is required by Rule 26(a)(2)(B)(ii).

[2] The Plaintiff's objections as to relevance or reliability do not foreclose the foundational basis for Dr. Gladney's testimony. Whether they have any strength for cross-examination, of course, is a matter left for trial.

**DECISION RE: MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT – 8**

indicates that he has familiarity with those details that would permit him to offer expert opinions on the subjects.

The opinions in the third paragraph purport to be drawn from Dr. Gladney's review of Plaintiff's student records at ISU and upon the subject of due process protections in Plaintiff's internship at the Cleveland Clinic. The Court's threshold assessment of the opinions regarding the student records and Dr. Gladney's opinion upon how Plaintiff was treated, so to speak, by the Department of Psychology is that such opinions are not drawn from, nor do they require, any sort of expertise that would assist the jury in understanding the issues in the case or in reaching a verdict. For present purposes, he will not be allowed to opine on those subjects. If the landscape of the issue should change in some manner at trial to call for the Court to reconsider that limitation, the Court will do so at that time. As to the issue of due process protections, even if there is continuing relevance to that subject in the context of the discrimination claim, Dr. Gladney will not be allowed to offer opinions regarding due process protections because he has no expertise about such matters and his disclosure falls short of the Rule 26(a)(B)(2)(i) and (ii) requirements. Further, such opinions are offered upon ultimate issues reserved for the Court and the jury, and as such are not appropriate for expert testimony of such nature.

In the fourth and final opinion paragraph, Dr. Gladney says he has reviewed the report of Plaintiff's expert Dr. Zorwick and that he is "familiar with the theory of aversive racism." But familiarity, whatever that means to him, does not substitute for expertise. He does not describe the source of such familiarity and he does not describe any underlying facts and data upon that subject that he has considered apart from the report of Dr. Zorwick. There is nothing in his CV that even touches upon the subject in a manner that has any adequate correlation to this lawsuit. Similarly, although he opines on whether ISU discriminated against Plaintiff, he offers no basis

**DECISION RE: MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT – 9**

qualifying him as an expert on that issue. He will not be permitted to testify as an expert witness upon those subjects.

Dr. Gladney will be permitted to opine regarding the extent to which Plaintiff's dismissal was consistent with the struggles a Chinese national might experience in an American academic setting. As described *supra*, Dr. Gladney is qualified as a social anthropologist to opine on this topic generally, and it is not inconsistent for him to apply his background and experience to opine in Plaintiff's specific case as to whether any cultural challenges were responsible for Plaintiff's inability to finish the program. These are matters of general, but still relevant, expertise. However, he may not opine as to discrimination or racism because he has not established that he is qualified to do so and the disclosure of such intended testimony fails the measure of Rule 26 requirements. In *Daubert* terms, Defendant has not established that Dr. Gladney's testimony will be sufficiently reliable that he is qualified to opine on such topics. To be qualified, he must have "a reliable basis in the knowledge and experience of the relevant discipline." *Wells*, 879 F.3d at 933–34. Yet nothing in his report – which was required to state the bases of his opinions – indicates he has knowledge or experience with Title VI, aversive racism, or discrimination.

In summary, Dr. Gladney's report proposes that he offer some expert testimony beyond the bounds of which he is qualified to render an expert opinion and short of the disclosure requirements that Rule 26 contains. Therefore, Plaintiff's motion will be granted in part and denied in part. Dr. Gladney may testify at trial as a social anthropologist regarding the cultural differences Chinese nationals are likely to experience in America, including in an academic setting. He may further testify as to the cultural factors applicable in Plaintiff's specific case. But Dr. Gladney may not directly testify on the topics of Title VI, aversive racism, or

**DECISION RE: MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT – 10**

discrimination.  Stated in the terms of Defendant's characterization of Dr. Gladney's anticipated testimony, Dr. Gladney may opine as to "whether Plaintiff was able to properly acclimate to U.S. culture" but not as to "whether he was subject to deliberate and unlawful discrimination in violation of Title VI."

3. <u>Plaintiff's Ancillary Requests for Relief.</u>

Plaintiff's motion also requested that Dr. Gladney be sequestered during trial so that he cannot hear other witnesses' testimony and that Plaintiff's counsel be permitted to conduct *voir dire* as to Dr. Gladney's qualifications outside the presence of the jury.  Consistent with the Court's prior order (Dkt. 144) that it "will allow all experts, from both parties, to be present during trial for any witness testimony," Plaintiff's request to sequester Dr. Gladney is denied.  The Court will defer ruling on Plaintiff's request that counsel be permitted to conduct *voir dire* of Dr. Gladney's qualifications outside the presence of the jury.

## ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine Requesting the Court to Exclude Dr C. Gladney, Ph.D., as an Expert Witness or Strike His Testimony (Dkt. 89) is **GRANTED IN PART AND DENIED IN PART** as follows:

- The Motion is **GRANTED** to the extent that Dr. Gladney will not be permitted to express an opinion at trial on the topics of Title VI discrimination or aversive racism, as more fully described herein.

- Defendant shall provide Plaintiff, by **February 19, 2019**, a list of all other cases in which Dr. Gladney testified as an expert during the period beginning four years prior to the date of the disclosure and ending February 19, 2019.  Plaintiff may file a memorandum of no more than ten pages in length no later than **February 22, 2019** outlining any further

**DECISION RE: MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT – 11**

argument Plaintiff may have as to prejudice in the failure to provide such information at an earlier time. The Court will revisit this issue if such a memorandum is timely filed.

- The Court reserves ruling on whether Plaintiff's counsel may conduct *voir dire* of Dr. Gladney's qualifications at trial outside the presence of the jury.

- The Motion is otherwise **DENIED**.



DATED: February 15, 2019

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge