## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| JUN YU, | Case No.: 4:15-cv-00430-REB |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE:** |
| vs. | **PLAINTIFF'S MOTION IN LIMINE TO ALLOW TESTIMONY OF PLAINTIFF WITNESS DR. NICOLE PRAUSE, PH.D. PER F.R.E. 803(1) (DKT. 85)** |
| IDAHO STATE UNIVERSITY, | |
| Defendant. | |

This decision resolves Plaintiff's Motion in Limine to Allow Testimony of Plaintiff Witness Dr. Nicole Prause, Ph.D. Per F.R.E. 803(1).  (Dkt. 85).

## BACKGROUND

Plaintiff Jun Yu alleges that Defendant Idaho State University (hereafter "Defendant" or "ISU") deliberately and unlawfully discriminated against him due to his national origin in violation of Title VI of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000d et. seq.  FAC ¶ 353 (Dkt. 41).  In this motion, Plaintiff seeks an order allowing his witness Dr. Prause to testify to what he characterizes are her present sense impressions.

## LEGAL STANDARDS

Hearsay is "a statement that the declarant does not make while testifying at the current trial or hearing [that] a party offers in evidence to prove the truth of the matter asserted in the statement."  F.R.E. 801(c).  "Declarant" is the person who made the statement.  F.R.E. 801(b).  A statement is "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion."  F.R.E. 801(a).  Hearsay is not admissible unless allowed by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court.  F.R.E. 802.

**DECISION RE: MOTION IN LIMINE RE: PRESENT SENSE IMPRESSIONS – 1**

Present sense impressions are excepted from the rule against hearsay and are admissible. F.R.E. 803(1). A present sense impression is a "statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." F.R.E. 803(1). The underlying theory of the present sense impression exception "is that substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation." F.R.E. 803(1) Advisory Committee's Note. "Spontaneity is the key factor." *Id.* To qualify as a present sense impression, a statement must occur simultaneously with the event, although "a slight lapse is allowable" if "precise contemporaneity is not possible." *Id.* Moreover,

> The reason present sense impressions are considered inherently reliable is because statements contemporaneously describing an event are unlikely to reflect memory loss or provide an opportunity to lie. *See* Douglas D. McFarland, *Present Sense Impressions Cannot Live in the Past*, 28 Fla. St. U. L. Rev. 907, 914 (2001). The fundamental pivot of the exception is the "nature of the thought process producing the statement rather than the substantive content of the statement." Edward J. Imwinkelreid, *The Need to Resurrect the Present Sense Impression Hearsay Exception: A Relapse in Hearsay Policy*, 52 How. L.J. 319, 345 (2009). Closeness in time between the statement and the event is therefore critical in eliminating the unreliability that is introduced when declarants have the opportunity to reflect on and interpret the event. *See id.* Contemporaneous expression limits declarants' ability to lie or misremember; "[w]hen the thought process is complex, involving an intermediate step between the receipt of the present sense impression and the utterance," the statement no longer qualifies. *Id.*

*U.S. v. Orm Hieng*, 679 F.3d 1131, 1147 (9th Cir. 2012) (Berzon, J., concurring)

## <u>DISCUSSION</u>

Plaintiff seeks to elicit testimony at trial from Dr. Prause, a former faculty member of ISU's Psychology Department who has personal knowledge of statements made by other ISU faculty about Plaintiff, regarding her impressions, concerns, and reactions relative to certain events associated with this lawsuit. Plaintiff contends that Dr. Prause heard Dr. Mark Roberts, the Director of Clinical Training, comment about Plaintiff's English proficiency and likelihood of graduating, and that when Dr. Prause heard the comment she "formed a present sense

**DECISION RE: MOTION IN LIMINE RE: PRESENT SENSE IMPRESSIONS – 2**

impression … that 'Dr. Roberts did not want this Asian student in his classes;' and 'There was no other reason but discrimination for Dr. Roberts'comments.'"  Plaintiff also claims Dr. Prause "formed a present sense impression that Mr. Yu would encounter difficulties in achieving his goal of earning his doctorate in clinical psychology."  Plaintiff further contends that "[i]mmediately upon learning of the lawsuit, Dr. Prause formed the present sense impression that she was not surprised by the lawsuit" and that her "immediate reactions were, 'This should not have happened.'; 'I felt that I had abandoned Jun.'; 'I saw it coming.' and others."

Thus, there are two groups of "impressions" relevant to its motion.  First are the alleged present sense impressions formed when Dr. Prause heard Dr. Roberts's comments.  Second are the alleged present sense impressions formed when Dr. Prause learned that Plaintiff had filed suit.

The Court is not persuaded that any of the statements constitute present sense impressions excepted from the rule against hearsay.  The rule against hearsay and the exception thereto for present sense impressions each applies to *statements* – "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion."  As to the impressions allegedly formed after hearing Dr. Roberts's comment, Plaintiff does not argue that Dr. Prause actually asserted anything at all.  To the contrary, all Plaintiff argues is that she "formed present sense impression[s]" and that she "harbored concerns."  The same is true for the second group of alleged present sense impressions, which Dr. Prause says she formed upon her learning of this lawsuit.  Although expressed as English sentences ("'This should not have happened.'; 'I felt that I had abandoned Jun.'; 'I saw it coming.' and others"), Plaintiff's counsel learned of such things when interviewing Dr. Prause years after the alleged events.  To the extent that there were any statements, they were statements made when Dr. Prause was talking to

**DECISION RE: MOTION IN LIMINE RE: PRESENT SENSE IMPRESSIONS – 3**

Plaintiff's counsel, long after the events described and far from any contemporaneous connection.  Further, the passage of such time – indeed the very nature of the interview done by Plaintiff's counsel with Dr. Prause – emphasizes that the statements she made to Plaintiff's counsel do not have the necessary touchstone of "closeness in time between the statement and the event" and instead, *do* carry "the unreliability that is introduced when declarants have the opportunity to reflect on and interpret the event."  *Hieng*, 679 F.3d 1131, 1147 (9th Cir. 2012) (Berzon, J., concurring).

Plaintiff also has not shown, as he must to satisfy the exception, that these impressions were *statements* as to which the exception applies.  Indeed, Plaintiff argues that these were Dr. Prause's "immediate reactions" without describing the form these reactions took.  Nor does he describe the circumstances surrounding such reactions, saying merely that "[a]t some point, Dr. Prause learned of the present lawsuit."  Plaintiff says that "[w]hen being interviewed by Plaintiff's counsel, Dr. Prause disclosed these present sense impressions to Plaintiff's counsel."[1]

Compared to a contemporaneous assertion – which is "unlikely to reflect memory loss or provide an opportunity to lie" – a statement made at a later date does not possess the same indicia of reliability.  Plaintiff's counsel argued at the hearing on this motion that there is no distinction between an utterance and a thought, pointing out that the exception is entitled "present sense *impressions*" rather than "present sense *statements*."  However, the only means by which an "impression" can become anything other than just that is if the "impression" is then placed into a "statement," as that word is defined in the hearsay rules.  A statement must be an

---

[1] It is clear that at that point Dr. Prause did make "statements" as defined in the Federal Rules of Evidence.  But there is no indication that she made any statements contemporaneous to the events that resulted in her forming the identified impressions, which is a prerequisite for successfully invoking the exception.

**DECISION RE: MOTION IN LIMINE RE: PRESENT SENSE IMPRESSIONS – 4**

assertion.  A thought or impression cannot be assertive to anyone other than the person who has the thought or impression.  It is, for purposes of Rule 803(1), entirely inchoate.

Plaintiff has not established that the present sense exception to the rule against hearsay applies to the specifically identified testimony of Dr. Prause.  For this reason, his motion is denied.

## **ORDER**

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine to Allow Testimony of Plaintiff Witness Dr. Nicole Prause, Ph.D. Per F.R.E. 803(1) (Dkt. 85) is **DENIED**.



DATED:  February 15, 2019

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge