# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

JUN YU,

      Plaintiff,

      vs.

IDAHO STATE UNIVERSITY,

      Defendant.

Case No.: 4:15-cv-00430-REB

**MEMORANDUM DECISION AND ORDER RE: JURY TRIAL RIGHT**

---

On this date, the Court held a telephone conference hearing with counsel for both parties to advise them that the Court has concluded that the remaining claim for trial in this case – that of a Title VI discrimination claim – and the nature of the relief sought by Plaintiff should he prevail on his liability case, do not allow for a jury trial. Accordingly, the case will proceed to trial before the Court. Counsel were asked if there was any argument or other information they wished to make or bring to the Court's attention regarding this issue. Each said that there was nothing he wanted to add.

This decision is a summary of the Court's reasoning.

## BACKGROUND

Plaintiff Jun Yu alleges that Defendant Idaho State University deliberately and unlawfully discriminated against him due to his race or national origin in violation of Title VI of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000d et seq. FAC ¶ 353 (Dkt. 41). In his original complaint, Plaintiff raised a myriad of other claims arising under both state and federal law (FAC ¶¶ 354–435), some of which did carry a right to a jury trial, but all of which were dismissed at summary judgment. (Dkt. 63.) The jury trial demands that had been made in the original complaint and the Defendants' answer remained in place, but with no one giving a specific

examination of the question of the right to a jury trial – at least in the context of the filings in the case (to include proposed jury instructions), the pretrial conference and a hearing upon pending motions in limine. However, when the Court began to prepare a set of jury instructions for distribution to counsel in advance of trial the jury trial issue surfaced, and the Court has concluded after a careful review of the question that there is no right to a jury trial in this case.

## APPLICABLE LAW

The Seventh Amendment provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." The Supreme Court has construed the language of the Seventh Amendment

> to require a jury trial on the merits in those actions that are analogous to "Suits at common law." Prior to the Amendment's adoption, a jury trial was customary in suits brought in the English *law* courts. In contrast, those actions that are analogous to 18th-century cases tried in courts of equity or admiralty do not require a jury trial. *See Parsons v. Bedford*, 3 Pet. 433 (1830). This analysis applies not only to common-law forms of action, but also to causes of action created by congressional enactment. *See Curtis v. Loether*, 415 U.S. 189, 193 (1974).
>
> To determine whether a statutory action is more similar to cases that were tried in courts of law than to suits tried in courts of equity or admiralty, the Court must examine both the nature of the action and of the remedy sought. First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. *See, e.g., Pernell v. Southall Realty*, 416 U.S. 363, 378 (1974); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962). Second, we examine the remedy sought and determine whether it is legal or equitable in nature. *See, e.g., Curtis v. Loether*, *supra*, 415 U.S. at 196; *Ross v. Bernhard*, 396 U.S. 531, 542 (1970).

*Tull v. U.S.*, 481 U.S. 412, 417–418 (1987) (footnotes omitted). "[C]haracterizing the relief sought is '[m]ore important' than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial." *Id.* at 421 (quoting *Curtis*, 415 U.S. at 196). Generally, courts of law historically provided a jury trial right but were limited to awarding legal relief. Courts of equity historically did not provide a jury trial right but were capable of awarding equitable relief.

**MEMORANDUM DECISION AND ORDER RE: JURY TRIAL RIGHT – 2**

In the Ninth Circuit, whether a plaintiff is entitled to a jury trial on a Title VI claim depends on whether the relief sought is legal or equitable. *Smith v. Barton*, 914 F.2d 1330, 1338 (9th Cir. 1990). The appellate panel in *Barton* held that "most courts agree that there is no right to a jury trial under either Title VI or Title VII…. [P]laintiffs' right to jury trial arises from the Seventh Amendment, because they seek relief that is legal in nature." *Id.* By negative implication, and consistent with the historical tradition of courts of equity, there is no jury trial right with respect to Title VI claims seeking equitable relief.

Although pure money damages are "the traditional form of relief offered in the courts of law, an award of monetary damages may constitute equitable relief if it is 'incidental to or intertwined with injunctive relief.'" *Traxler v. Multnomah County*, 596 F.3d 1007, 1012 (9th Cir. 2010) (quoting *Tull*, 481 U.S. at 424; other quotations and citations omitted). In the employment setting, which is analogous in many respects to the instant case,[1] the Supreme Court has distinguished front pay from compensatory damages on the basis that "[a] front pay ... award is the monetary equivalent of the equitable remedy of reinstatement." *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 853 n. 3 (2001). Similarly, backpay has historically been categorized as equitable relief rather than compensatory damages. *Id.* at 847–878 ("Plaintiffs who allege employment discrimination on the basis of sex traditionally have been entitled to such remedies as injunctions, reinstatement, backpay, lost benefits, and attorney's fees under § 706(g) of the Civil Rights Act of 1964…. In the Civil Rights Act of 1991, Congress expanded the remedies available to these plaintiffs by permitting, *for the first time*, the recovery of compensatory and punitive damages" (emphasis added).) The same case defines "front pay" as "money awarded for lost compensation during the period between judgment and reinstatement or

---

[1] Significantly, reinstatement of an employee is similar to readmission of a student.

in lieu of reinstatement." *Id.* at 846. The Ninth Circuit offers a different but consistent definition of front pay as "an award of future lost earnings to make a victim of discrimination whole." *Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1987).

## DISCUSSION

Plaintiff prays for the following relief:

a. Readmission of Mr. Yu to Defendant's Graduate Clinical Psychology Program; or, in the alternative, award Mr. Yu a PhD in either General Psychology or Clinical Psychology;

b. That Defendant allow Mr. Yu to complete his remaining internship in the Peoples Republic of China where the opportunity presents itself that will allow Mr. Yu to successfully receive his Doctorate in Clinical Psychology;

c. Attorney fees and costs related to the filing and pursing the present claim;

d. Compensatory damages for Defendant's breach of contract and negligent infliction of emotional distress for an amount equal to or greater than two million, one hundred eighty-five thousand, seven hundred ninety-three dollars and no cents ($2,185,793.00); and

e. Compensatory damages as determined at trial should Plaintiff establish that the violation of Title VI was intentional.

FAC at 69–70 (Dkt. 41). In light of the *Barton* holding that a claim under Title VI may be either legal or equitable depending on the nature of the relief sought, each of these requests for relief will be considered in turn.

The requests for relief in paragraphs (a) and (b) are clearly equitable in nature. The request for attorney fees and costs in paragraph (c) is "incidental to" the equitable relief sought in that such fees and costs only exist because of Plaintiff's suit seeking equitable relief. It is therefore also equitable in nature, under *Tull* and *Traxler*. The "compensatory damages" as framed in paragraph (d) of the First Amended Complaint refer to Plaintiff's now-dismissed state-law contract and NIED claims, but his proposed Jury Instruction No. 22 (Dkt. 101 p. 30) and his proposed Special Verdict Form (Dkt. 102) both reframe the request as "Compensatory damages"

for "the present value of lost earnings." But under *Cassino* the requested relief of lost earnings is front pay,[2] and under *Pollard* such front pay is an equitable remedy. Regardless, under *Tull* and *Traxler* the lost earnings sought are "intertwined with" the equitable relief sought because the measure of such lost earnings depends on whether, and when, Plaintiff is readmitted or receives his PhD. If Plaintiff ultimately receives a degree from Defendant, he improperly gets a double recovery if he also retains an award of lost earnings covering dates after such readmission or conferral. Because the lost earnings sought are intertwined with equitable relief, they are themselves equitable relief – as to which there is no jury trial right, per *Tull* and *Traxler*.

As to the generic relief requested in paragraph (e), it is too inchoate to establish a right to a jury trial based on a request for legal relief. Nor is there specificity to be gleaned from Plaintiff's proposed jury instructions or proposed special verdict form. *See Choka v. McClellan*, 2010 WL 5825522 (D. Oregon Dec. 28, 2010) ("Given the lack of any request for specific monetary damages, and the focus on the remedies of declaratory and injunctive relief, this court interprets Choka as seeking equitable relief and payment of certain costs only as incidental to such equitable relief." (citing *Traxler*)). Nothing in the record suggests the involvement of compensatory damages. Hence, the damages Plaintiff seeks as "compensatory" are all intertwined with the equitable relief sought – which means he does not have a jury trial right as to such relief. In sum, all of the relief Plaintiff requests is equitable, rather than legal, in nature. Accordingly, he does not have a right to a jury trial on his Title VI claim.

\ \ \

\ \ \

\ \ \

---

[2] At least in part. It is also in part back pay, but this fact does not change the analysis.

## ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff is not entitled to a trial by jury on Count One of his First Amended Complaint, alleging a violation of Title VI, 42 U.S.C. §§ 2000d et seq.

The trial set to begin Tuesday, February 26, 2019 (Dkt. 138) will be conducted as a bench trial beginning that same day but commencing at 1 p.m. (rather than 9 a.m.) on the first day.

DATED:  February 21, 2019

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge