# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| JUN YU,<br><br>    Plaintiff,<br><br>    vs.<br><br>IDAHO STATE UNIVERSITY,<br><br>    Defendant. | Case No.: 4:15-cv-00430-REB<br><br><br>**MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION FOR PAYMENT OF EXPENSES AND DEFENDANT'S MOTION TO STRIKE (DKTS. 183, 189)** |

The Court entered a Trial Decision, With Findings of Fact and Conclusions of Law (Dkt. 181) on May 31, 2020 and a Judgment (Dkt. 182) on June 1, 2020, resolving the case.  Now pending are three post-trial motions: Plaintiff's Motion to Obtain Expenses Incurred as a Result of the Continuance (Dkt. 183), Defendant's Motion for Attorney Fees (Dkt. 186), and Defendant's Motion to Strike Plaintiff's Reply in Support of Motion to Obtain Expenses (Dkt. 189).[1]  Having reviewed the briefing and supporting filings, and otherwise being fully advised, the Court enters the following Decision and Order resolving Plaintiff's Motion to Obtain Expenses and Defendant's Motion to Strike.  Defendant's Motion for Attorney Fees will be the subject of a separate decision.

---

[1] Yu filed a Notice of Appeal on June 29, 2020.  Such appeal remains pending.  Although filing a notice of appeal divests the district court of jurisdiction over aspects of the case involved in the appeal, the district court nonetheless retains the power to award attorneys' fees after a notice of appeal from a decision on the merits has been filed.  *See Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656 (9th Cir. 1993); *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955 (9th Cir. 1983).

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 1**

## I.  BACKGROUND

After Defendant Idaho State University ("ISU") dismissed Plaintiff Jun Yu ("Yu") from its doctoral degree program in clinical psychology, Yu sued ISU, alleging claims for discrimination, deprivation of constitutional rights, and negligent infliction of emotional distress. Compl. (Dkt. 1).  Yu later amended his Complaint to add 15 additional claims, including various claims sounding in contract law.  FAC (Dkt. 41).  All of Yu's claims except his Title VI discrimination claim were dismissed on summary judgment.  (Dkt. 63.)  Yu's motion for reconsideration of the summary judgment decision was denied.  (Dkt. 72.)

Approximately one month before the trial date, ISU moved to continue the trial setting for at least two months due to an unforeseen personal circumstance involving ISU's lead counsel.  (Dkt. 115.)  The Court heard from both parties as to the request for a continuance and concluded that the unforeseen circumstances would justify a continuance regardless of whether it had been requested by the Defendant or by the Plaintiff.  The Court granted the motion over Yu's opposition, but in doing so recognized that just as a continuance was justified, so also would be requiring that ISU, as the party requesting the continuance at such a late date, "pay the expenses, including reasonable attorney fees, incurred by Plaintiff as a direct result of the trial continuance that cannot reasonably be avoided."  (Dkt. 132.)  The Court ordered that:

> Plaintiff may move for an award of fees and costs unavoidably incurred as a direct result of the trial continuance. Any such motion must be filed within seven days after … the trial … is finally concluded…. Defendant may file a response memorandum opposing the motion within seven days after service, and Plaintiff may file a reply memorandum within seven days after service of the response memorandum.

(Dkt. 140.)

## II.  LEGAL STANDARDS

Rule 6(c) of the Federal Rules of Civil Procedure provides that "any affidavit supporting

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 2**

a motion must be served with the motion." F.R.C.P. 6(c)(2). Local Civil Rule 7.1(b)(2) provides that "[t]he moving party must serve and file with the motion affidavits required or permitted by Federal Rule of Civil Procedure 6(c), declarations submitted in accordance with 28 U.S.C. § 1746, copies of all photographs, documentary evidence and other supporting materials on which the moving party intends to rely." Reply affidavits are only proper when presented in response to new information put forth in the opposing party's response brief or when the affidavit material references information obtained after the initial filing of the motion. *Nelson-Ricks Cheese Co., Inc. v. Lakeview Cheese Co., LLC*, 2018 WL 1460970 (D. Idaho Mar. 23, 2018).

The Court considered ISU's motion to continue against Federal Rule of Procedure 16, which governs pretrial conferences, scheduling, and management. Rule 16 requires good cause to modify a scheduling order, with the judge's consent. F.R.C.P. 16(b)(4). Additionally, if a party or its attorney fails to comply with Rule 16, "the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." F.R.C.P. 16(f)(2).

Federal Rule of Civil Procedure 54 governs the award of attorneys' fees. After determining that a basis exists for a proper award of attorney fees, the Court must calculate a reasonable fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Generally, the Court utilizes the "lodestar figure," which multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.*; *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 977 (9th Cir. 2008). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* (quoting *Ferland v. Conrad*

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 3**

*Credit Corp.*, 244 F.3d 1145, 1147–48 (9th Cir. 2001)).

## III. <u>DISCUSSION</u>

ISU's Motion to Strike Plaintiff's Reply in Support of Motion to Obtain Expenses (Dkt. 189) relates to Yu's reply memorandum in support of his Motion to Obtain Expenses; therefore, it will be taken up first.

### 1. **ISU's Motion to Strike Is Denied.**

The Court's Supplemental Order Re Defendant's Motion to Continue Trial (Dkt. 140) set forth the briefing deadlines associated with any motion by Yu to recover expenses associated with the continuance. As relevant here, the Order provided that "Plaintiff may file a reply memorandum within seven days after service of the response memorandum."

Yu timely moved for expenses arising from the continuance on June 4, 2020 (Dkt. 183). ISU timely filed its response memorandum on June 11, 2020 (Dkt. 184). Per the Court's prior Order, Yu's reply memorandum was therefore due by June 18, 2020. But Yu filed his reply memorandum on June 22, 2020 (Dkt. 188), eleven days after ISU had filed its response memorandum and four days after it was due.

ISU argues that Yu's reply was untimely and the supporting documentation accompanying the reply memorandum was not submitted with the original motion (Dkt. 189). The timeliness argument is straightforward. ISU's alternative argument contends that by not filing supporting documentation with the motion, Yu has deprived ISU of the opportunity to respond. ISU relies upon Local Civil Rule 7.1(b)(2), which requires in part that the moving party "must serve and file with the motion … copies of all photographs, documentary evidence and other supporting materials on which the moving party intends to rely."

Yu responds that the untimely filing was the result of his counsel's health concerns

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 4**

related to the COVID-19 pandemic and that ISU suffered no prejudice as it received the reply "1.5 business days and 3.5 calendar days" from when the reply was due.  Yu contends that the reply memorandum was completed on June 18, 2020, the day it was due, but that his counsel was unable to get the attached declaration properly notarized until June 22, 2020 because of delays connected with trying to comply with public health recommendations related to the pandemic. Specifically, counsel learned on June 9, 2020 he had "possibly come into close contact with a person who had tested positive for COVID-19" and that he immediately decided to self-quarantine because he is a vulnerable individual.

Yu also argues against striking the documentation attached to the reply memorandum, which provides evidentiary documentation supporting his request for $586.00 in costs in his motion for expenses.  He notes that ISU did not object to the description of the costs and that ISU's only objection was that Yu had not provided receipts supporting the requested costs.  Yu contends that attaching the receipts to his reply memorandum simply "provided the documents that [ISU] had requested" so there is no basis to strike them.

In reply, ISU argues that the untimely filing was not the result of a good faith mistake. Indeed, ISU points out, Yu "acknowledges that he was aware of the date by which his reply was due."  ISU contends that Yu "failed to attempt to mitigate the consequences of an untimely filing" in that he did not notify ISU or the Court of the delay and he did not submit his affidavit as a declaration instead.  ISU concludes its argument on timeliness by arguing that

> It defies the principles of justness and fairness to consider sanctions against Defendant for circumstances beyond its lead counsel's control while simultaneously allowing Plaintiff to bolster his allegations of unavoidable fees and costs incurred as a direct result of the continuance at his convenience rather than in conformity with the timeline set out by this Court.

(Dkt. 196.)  Finally, ISU disagrees that it "requested" the receipts attached to the reply

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 5**

memorandum, as Yu contends.  Rather, ISU argues that it was Yu's duty to supply such receipts in the first instance and that the failure to do so is what justifies striking them.

Yu's reply memorandum in support of his motion for expenses (Dkt. 188) will be treated as timely, given the circumstances described by Yu's counsel and the arguments Yu has raised. Further, the Court reemphasizes here that the reason for any award of fees and costs in these circumstances is an exercise of the Court's discretion under the civil rules to equitably distribute the financial burden caused by the continuance, consistent with what is permitted and even required in some circumstances under Rule 16.  Further, it deserves highlighting here that even though the circumstances which led to the request for the continuance were unanticipated, it was ISU that requested the continuance.  The Court allowed the continuance which benefited ISU and its counsel.  In the dispute now at issue there also were circumstances beyond counsel's control, the only difference being that the shoe was on the other foot.

As to the evidence of receipts submitted with the reply memorandum and the accompanying affidavit regarding $586.00 in costs, ISU is not surprised or prejudiced by the submission of such evidence as part of the reply memorandum because ISU was on notice of that particular request for costs as part of the original motion.  Accordingly, ISU's motion to strike will be denied.

2. **Yu's Motion for Trial Continuance Expenses Is Granted in Part.**

Yu seeks $31,016.00 in expenses he says arose from resetting trial from November 2018 to February 2019 (Dkt. 183-1).  A primary reason for such expenses, according to Yu, was the need to replace second chair trial counsel because the attorney who was in that role since July 2016 had scheduling issues that prevented her from participating in the trial once it was continued to February 2019.

MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 6

Yu seeks recovery of legal fees for 19 hours for paralegal Crystal G. Anderson at $110 per hour (subtotal $2,090.00); 54 hours for (the replacement) second chair trial counsel Holly E. Sutherland at $300 per hour (subtotal $16,200.00); and 40.2 hours for lead trial counsel Ronaldo A. Coulter at $300 per hour (subtotal $12,060.00).  He also seeks recovery of $666.00 in various costs related to travel.[2]

The travel costs will be allowed, but in the lesser amount of $586.00.  Yu has withdrawn his request for an $80.00 expense dated November 21, 2018 because he acknowledges the expense was unrelated to the continuance.  (Dkt. 190 at 3 n.2.)

In opposing Yu's motion, ISU argues that of the $31,016.00 Yu requests, only $4,399.00 should be awarded.  ISU contends that no fees should be allowed for Ms. Sutherland because the continuance did not directly cause her to become involved in the case and because her fee of $300 per hour is not reasonable.  As to paralegal Ms. Anderson, ISU contends that there was no need for her to travel from Virginia to Idaho for a December 1, 2018 meeting and that a rate of $110 per hour is not reasonable for Ms. Anderson's remaining time entries as the work performed was clerical in nature and did not result in the production of any legal work.  In addition, ISU proposes a rate of $55 per hour for Ms. Anderson's allowed time entries.  As to Mr. Coulter, ISU does not object to his rate of $300 per hour for legal work done on this matter.  However, ISU contends that some of Mr. Coulter's time entries should be assigned a lesser rate of $55 per hour because they describe non-legal work that could have been done at such a rate by a legal assistant.  ISU also argues that Mr. Coulter's fees related to the substitution of counsel are not a direct result of the continuance and that some time entries should be reduced because they

---

[2] The travel costs were embedded within Mr. Coulter's time entries, but the Court has drawn them out and listed them separately for clarity.

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 7**

intermix some work not related to the continuance.  Finally, ISU objects to fees related to certain time entries that it says are vague.

The fees sought for each timekeeper will be discussed separately.

### A.  <u>Fees for Holly E. Sutherland.</u>

ISU argues that Ms. Sutherland's involvement in the case did not directly result from the continuance.  Yu says that Mr. Coulter's original co-counsel, Ms. Emile Loza de Siles, had to withdraw from representation in the case because her schedule and prior commitments made her unavailable for the new trial date.  ISU criticizes this as a post-hoc justification for Ms. Loza de Siles's withdrawal, noting that her availability was not raised in Yu's memorandum opposing the continuance and that the issue likewise did not come up in the parties' informal discussions about the possibility of a stipulated continuance prior to ISU filing its motion.  ISU also notes that Ms. Loza de Siles's availability did not come up when counsel discussed a new trial setting following the continuance.

Moreover, ISU points out when its motion to continue was taken up by the Court, there was discussion as to whether another attorney could try the case for ISU in order to keep the original trial setting, rather than continuing the case so that lead counsel could try it.  However, the Court concluded that would not be appropriate, because the "circumstances that justify a continuance of the trial [for the benefit of ISU] do *not* justify the Court requiring Defendant to choose a different attorney to act as lead counsel at trial."  (Dkt. 132.)  ISU argues that Yu's motion implies the Court required Yu to choose different counsel despite refusing to require ISU to do so.  ISU disputes any such connection, and it contends that Ms. Loza de Siles's withdrawal from the case and Ms. Sutherland's joining it were not directly related to the continuance.

Finally, and at the core of its argument, ISU contends that Yu could have avoided at least

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 8**

some of the fees he now requests if he had disclosed that a continuance would necessitate replacing part of his trial team.

Separately, ISU argues that the requested rate of $300 per hour for Ms. Sutherland is not reasonable. ISU points to the fact that Ms. Sutherland's proposed rate is the same as proposed for Mr. Coulter, despite Mr. Coulter having substantially more experience both as an attorney and in the practice of trying discrimination cases. ISU notes that Ms. Sutherland has practiced law for five years, with only a short period of that time working in discrimination law. Mr. Coulter, in contrast, has practiced law for 31 years, with over 25 years focused on civil rights litigation.

ISU also challenges some of Ms. Sutherland's individual time entries, arguing that the work described in those time entries would have been done even if there were no continuance and thus such work was not directly related to the continuance and is not subject to recovery. In addition, ISU contends that much of Ms. Sutherland's work did not require the special skill of an attorney as the hours billed were generally for summarization and review rather than analysis. ISU further notes that Ms. Sutherland's need for "alleged trial preparation" was minimal as she did not actually prosecute the case at trial; although she conducted a short re-cross-examination of one witness, most of her role at trial was to work with a paralegal to call up documents electronically.

The Court is persuaded by ISU's arguments, in part, but only as to the hourly billing rate of Ms. Sutherland and as to some percentage of the work she performed. The Court is not persuaded, however, that Mr. Coulter should have said anything about the effect of a continuance upon the availability of his co-counsel for trial. Such a disclosure would have revealed that his client was potentially at a disadvantage if the trial date were to be moved. Hence, any such

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 9**

disclosure (even if the issue of the availability of co-counsel to participate in a later trial setting was still up in the air) could have affected negatively not just trial preparation but also any actual or potential settlement discussions. Although Mr. Coulter could have raised the subject with the Court, he was under no duty to do so. Indeed, his duty to his client may well have been not to do so. As to whether Ms. Sutherland needed more time to prepare for trial than would have been true if Ms. Loza de Siles had continued as counsel, that also is no fault of Yu but rather is a product of the trial continuance requested by ISU. In short, the Court will not deny fees for Ms. Sutherland's time on the basis that all such time could have been reasonably avoided.

The Court does find, however, that the hourly rate for Ms. Sutherland should be reduced. The Court is familiar with the range of attorney hourly rates in Idaho over time from the undersigned's own 20 years in the practice of law and 18 years of service as a state and federal trial judge. The undersigned has prepared and reviewed many requests for fee awards in that time, to include declarations of attorneys familiar with hourly billing rates in Idaho. The Court concludes that a reasonable hourly rate for Ms. Sutherland during the applicable time frame is $225 per hour. This finding is based on the length of time Ms. Sutherland has been practicing law, the nature of the work she has done as a lawyer, and her role within the case.

Most of the individual time entries recorded by Ms. Sutherland reasonably related to the continuance. Much of her total time was related to reading and reviewing case filings and discovery, which would be necessary for any attorney new to the case who would be stepping into a trial counsel role. However, other work she performed was not centrally related to the continuance or otherwise does not justify an award of fees. For instance, Ms. Sutherland billed 0.40 hours on November 16, 2018 for "Trial team WebEx meeting with Ron and Crystal regarding trial preparation and progress in familiarizing myself with case" and 0.50 hours on

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 10**

December 7, 2018 for "Attended Weekly Trial Team Meeting."  (Dkt. 183-2 at 9.)  She also

billed 6.0 hours on December 1, 2018 for "Trial Team Meeting necessary as a result of

continuance," but neither the timesheet nor Yu's briefing explains how the continuance

necessitated this meeting.  It is not sufficiently clear from Yu's filings that these meetings were

directly related to the continuance.

Additionally, Ms. Sutherland spent several hours reviewing various ISU filings related to

trial; specifically on December 29, 2018, she billed 0.90 hours for reviewing the briefing related

to a Motion in Limine and on December 30, 2018, she billed 1.40 hours for reviewing ISU's trial

brief, proposed jury instructions, proposed special verdict form, proposed voir dire, and exhibit

list.

These filings all pre-date the order granting the continuance.  However, Yu has not

established that Ms. Sutherland's review of them was necessitated by the continuance.  That is,

nothing in the record before the Court shows – or even suggests – that withdrawing counsel Ms.

Loza de Siles had also undertaken to review such filings, which would in turn imply that Ms.

Sutherland's additional review of them would not have been necessary but for the trial

continuance (and therefore subject to the Court's fee-shifting order).  Notably, the ISU Motion in

Limine referenced in Ms. Sutherland's time entry was the subject of argument at a hearing on

February 5, 2019 and resolved in a written decision February 15, 2019.  Further, the parties'

proposed jury instructions, voir dire, and special verdict forms were left behind when the Court

ruled on February 21, 2019 that Yu was not entitled to a trial by jury.  To be clear, that Order did

not mean that time spent on reviewing jury-related filings was unreasonable; rather, the fact that

the Order was issued several weeks *after* Ms. Sutherland's review of the filings shows that her

review was related to pending, rather than resolved, issues in the case.  Thus, not all of Ms.

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 11**

Sutherland's time entries are the direct result of the continuance.

In considering those constraints and having carefully reviewed the information contained in the time entries in their entirety, the Court concludes that 20% is a reasonable measure of the percentage of Ms. Sutherland's work that was *not* necessitated by or related to the continuance of the trial setting.  In other words, one of every five hours of her time would have been done regardless of whether the trial date was continued.  Therefore, in the exercise of its discretion, the Court will deduct 20% of the total hours for which fees are sought, which leaves 43.2 hours (of the original 54 hours) as directly related to the continuance.

Applying the $225 hourly rate for Ms. Sutherland's time to 43.2 hours, the Court will award $ 9,720.00 for Ms. Sutherland's work.

**B.  Fees for Crystal G. Anderson.**

ISU first challenges any award of fees for Ms. Anderson's travel from Virginia to Idaho for an in-person meeting, when such a meeting could have been held remotely.  ISU also contends that the six-hour meeting was not directly related to the continuance, given that it occurred some six weeks after the order granting the continuance and eighteen days after a new trial date had been set.  Additionally, ISU contends that Ms. Anderson's hourly rate should be reduced by half because her time entries describe work that is clerical in nature that could have been performed by a legal assistant at a substantially lower cost.

The Court finds Ms. Anderson's rate of $110 per hour is reasonable under the facts of this case.  Lead counsel Mr. Coulter runs a small practice and does not employ a full-time staff of paralegals or other legal assistants.  The Court will not penalize Yu for being represented by a "lean" law firm that brings on additional staff only when a matter justifies doing so.  In that

context, it was not unreasonable for Mr. Coulter to employ Ms. Anderson for a myriad of responsibilities.

However, the Court agrees that there has been an insufficient showing to justify an award of costs for the time required to travel from Virginia to Idaho for an in-person trial team meeting on December 1, 2018.  Hence, the 10.90 hour time entry for travel is denied in its entirety.  Similarly, Yu has not shown how the participation of Ms. Anderson – who had been working on the case both before and after the continuance – in a six-hour meeting was directly related to the continuance.[3]  No recovery will be allowed for that time.  The remaining time entries, totaling 2.1 hours, will be allowed in full as reasonable.

Thus, the Court will award Yu $110 per hour for 2.1 hours of Ms. Anderson's time, for a total of $231.00.

### C.  Fees for Ronaldo A. Coulter.

ISU does not object to Mr. Coulter's billing rate of $300 per hour; however, ISU does argue that some of the billed hours were more clerical than legal in nature and therefore the rate should be reduced for certain time entries.  ISU also challenges other time entries as not directly related to the continuance.

The Court finds, based on its own knowledge of the Idaho legal market and based upon Mr. Coulter's experience and his prior appearances before this Court in other matters, that a rate of $300 per hour for his legal work is reasonable.

As to individual time entries, Mr. Coulter's fees related to the substitution of counsel will be allowed.  As discussed *supra*, the record makes clear that Ms. Loza de Siles's withdrawal and

---

[3] Ms. Anderson's time entry for this meeting is denied in its entirety, while Ms. Sutherland's corresponding entry was discounted.  The difference is that Ms. Sutherland was new to the case and Ms. Anderson was not.

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 13**

Ms. Sutherland's becoming more fully involved in the case were directly caused by the continuance.

ISU specifically objects to two of Mr. Coulter's entries as not related to the continuance. On October 25, 2018, Mr. Coulter recorded a time entry saying that he "[r]esponded to correspondence sent by Jun Yu at the 0620 hours this date related to the two trial dates the court had suggested as a result of the continuance." On November 9, 2018, a time entry states that he "[s]ent correspondence to the client this date that contained the Amended Order Setting Trial (Dkt 138) and addressed the issues regarding motions in limine, additional motions and the receipt of payment for reimbursement."

Regarding the October 25, 2018 time entry, the work described is reasonably related to the continuance and it is understandable that a client who likely was surprised by the fact of the continuance would want a full explanation from Mr. Coulter, which reasonably could take the 1.6 hours billed. It is equally reasonable that correspondence describing the pros and cons of two proposed trial dates – given all of the moving parts involved in trial preparation and the conduct of a trial – could require the amount of time recorded by Mr. Coulter. ISU's objections to those time entries are not persuasive.

Regarding the November 9, 2018 time entry, not all of the work described is sufficiently connected to the continuance to justify awarding the full amount of the fees requested for that work. Accordingly, this time entry will be reduced by half.

Next, ISU argues that Yu should not recover fees related to Mr. Coulter's work on evaluating a different, potential, date for a rescheduled trial because such fees could have been reasonably avoided by agreeing to the originally requested continuance. The Court disagrees that these time entries, totaling 1.6 hours on October 26, 2018, were not directly related to the

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 14**

continuance.  ISU contends that the time entries related to strategic considerations and that may well be accurate.  But, in context, it was reasonable for Yu's counsel to consider the pros and cons of the alternative trial dates and the fact that such consideration came about at all stems from ISU's request for the continuance.

ISU also challenges any award of fees for the work involved in Mr. Coulter's correspondence with Robert Eikenburg, who is neither a party nor a witness in the matter.[4]  Yu will not be allowed to recover attorney fees for these time entries, dated October 25, 2018, October 26, 2018, and November 5, 2018 and totaling 3.3 hours.  Although the subject of such time entries relates to the continuance, Yu has not established why Mr. Coulter needed to correspond with Mr. Eikenburg, whose role in this matter is not clear.[5]

Next, ISU urges denial of certain of Mr. Coulter's time entries on vagueness grounds, arguing that such entries do not specifically reference the continuance or otherwise relate to the continuance.  These 0.5 total hours in time entries are not supported by details of the link to the continuance; however, Yu's motion is supported by an affidavit of counsel in which Mr. Coulter represents that all of the submitted time entries were tracked in a separate case file relating only to tasks related to the continuance and that Mr. Coulter personally reviewed every transaction that was entered into the file.  Coulter Aff. ¶¶ 12, 13 (Dkt. 183-2).  The Court is satisfied with that connection of and justification for these entries.

Finally, and as mentioned previously, ISU argues that Mr. Coulter's time entries that

---

[4] The Court notes that Yu's wife is named Jocelyn Eikenburg.  The Court surmises, but has no certain knowledge, that Robert Eikenburg is related to Jocelyn Eikenburg.

[5] Separately, the Court is not denying Mr. Coulter's time entries for November 14, 2018 related to Mr. Eikenburg's apparent assistance with the coordination of changes to witnesses' travel schedules stemming from the continuance.

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 15**

describe only clerical rather than legal work should be reduced.  In the modern practice of law, however, many lawyers prepare their own correspondence and pleadings and do so in a more economical manner than if such written documents went from the lawyer to clerical staff and back again.  This is especially true in a small law practice, where such efficiencies are important for the financial success of the practice.  There is no reason to apply a different hourly rate to certain of Mr. Coulter's time entries on such an outdated distinction.  Further, the entries at issue primarily involve corresponding with his client, with his witnesses, or with the Court.  The Court is satisfied that it was reasonable for Mr. Coulter personally to handle such correspondence.

Yu seeks $12,726.00 for Mr. Coulter's work, but that total includes more in costs than the Court will allow.  As previously described, Yu has withdrawn a request for $80.00 in costs and the Court will award $586.00 in costs.  After removing such costs, a total of $12,060.00 remains.  At $300 per hour, this amounts to 40.2 hours.  The Court has agreed in part with ISU's objections to some of the fees, which has resulted in the Court disallowing 3.9 hours of Mr. Coulter's requested time entries, leaving a balance of 36.3 hours.  Thus, the Court will award Yu $300 per hour for 36.3 hours of Mr. Coulter's time, for a subtotal of $10,890.00.  This calculation is consistent with the lodestar method of deciding attorney fee awards.

Adding up the subtotals for each category of costs, the Court will award Yu $586.00 in costs, $9,720.00 for Ms. Sutherland's time, $231.00 for Ms. Anderson's time, and $10,890.00 for Mr. Coulter's time.  This sums to a total of $21,427.00 to be awarded to Yu, against ISU, in the exercise of the Court's discretion as a result of ISU's request to alter the scheduling order to continue the trial date, a month before the previously set trial date.

**MDO RE: YU'S MOTION FOR EXPENSES AND ISU'S MOTION TO STRIKE – 16**

## IV. <u>ORDER</u>

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Strike Plaintiff's Reply in Support of Motion to Obtain Expenses (Dkt. 189) is DENIED.

2. Plaintiff's Motion to Obtain Expenses Incurred as a Result of the Continuance (Dkt. 183) is GRANTED IN PART AND DENIED IN PART.  Plaintiff is awarded $21,427.00, as described herein.  A Judgment shall be entered separately.



DATED:  August 14, 2020

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge