UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JUN YU,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO STATE UNIVERSITY,<br><br>    Defendant. | Case No.: 4:15-cv-00430-REB<br><br>**MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION FOR ATTORNEY FEES (DKT. 186)** |

Now pending is Defendant's Motion for Attorney Fees (Dkt. 186).[1] Having reviewed the briefing and supporting filings, and otherwise being fully advised, the Court enters the following Decision and Order.

## I. BACKGROUND

After Idaho State University ("ISU") dismissed Plaintiff Jun Yu ("Yu") from its doctoral program in clinical psychology, Yu sued ISU, alleging claims for discrimination, deprivation of constitutional rights, and negligent infliction of emotional distress. Compl. (Dkt. 1). Yu later amended his Complaint to add 15 additional claims, including various claims sounding in contract law. FAC (Dkt. 41). All of Yu's claims except his Title VI discrimination claim were dismissed on summary judgment because ISU established that it was immune from suit under the Eleventh Amendment as to the dismissed claims (Dkt. 63). Yu's motion for reconsideration of

---

[1] Yu filed a Notice of Appeal on June 29, 2020. Such appeal remains pending. Although filing a notice of appeal divests the district court of jurisdiction over aspects of the case involved in the appeal, the district court nonetheless retains the power to award attorneys' fees after a notice of appeal from a decision on the merits has been filed. *See Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656 (9th Cir. 1993); *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955 (9th Cir. 1983).

**MDO RE: ISU'S MOTION FOR ATTORNEY FEES – 1**

the summary judgment decision was denied (Dkt. 72).

After a bench trial (Dkts. 171–174), the Court issued its Trial Decision, with Findings of Fact and Conclusions of Law (Dkt. 181) (the "Trial Decision"). The decision set forth the Court's assessment of the evidence in the case and its bearing on Yu's discrimination claim, the only claim at issue during trial. The Court ruled that Yu had not established that ISU had engaged in unlawful intentional discrimination against him. Accordingly, the Court held that ISU was entitled to judgment in its favor. That Judgment was entered on June 1, 2020 (Dkt. 182).

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 54 governs the award of attorney fees. If a basis exists for an award of attorney fees, the Court must calculate a reasonable fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Generally, the "lodestar figure" is used, which multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.*; *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 977 (9th Cir. 2008). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147–48 (9th Cir. 2001)).

"In any action or proceeding to enforce a provision of … [42 U.S.C. § ] 1983 …, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs…" However, a prevailing civil rights defendant (other than the federal government) is entitled to a fee award "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Edgerly v. City & County of San Francisco*,

**MDO RE: ISU'S MOTION FOR ATTORNEY FEES – 2**

599 F.3d 946, 962 (9th Cir. 2010). "[A] defendant may deserve fees even if not all the plaintiff's claims were frivolous"; "the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed." *Fox v. Vice*, 563 U.S. 826, 834 (2011). Under 42 U.S.C. § 1988, a prevailing defendant may "recover reasonable attorney's fees incurred because of, but only because of, a frivolous claim." *Id.* at 836. Stated differently, a defendant's recovery of fees is limited to "only the portion of his fees that he would not have paid but for the frivolous claim." *Id.* "A case may be deemed frivolous only when the "result is obvious or the . . . arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal quotation marks omitted; omission in original).

### III. DISCUSSION

**1. ISU's Motion for Attorney Fees Is Granted in Part.**

    **A. Prosecution of the non-Title VI claims was frivolous because of Eleventh Amendment immunity.**

ISU seeks an award of $120,723.26 in attorney fees under 42 U.S.C. § 1988(b), as the prevailing party in this action to enforce a provision of 42 U.S.C. § 1983. ISU calculated the amount of requested fees using a two-step process. First, ISU identifies amounts billed totaling $128,429.00 between the date of its Answer first raising Eleventh Amendment immunity and the date this Court issued its Memorandum Decision and Order on Plaintiff's Motion for Reconsideration of the decision dismissing 17 of 18 of Yu's claims on Eleventh Amendment immunity grounds. Second, it discounted the subtotal from the first step by 1/18th,[2] on the

---

[2] ISU rounded the resulting percentage to the nearest whole number, which under its calculation was in Yu's favor. Thus, ISU seeks 94% of its fees from the noted period, after having applied a 6% discount. 1/18 is equal to the repeating decimal $94.\overline{4}$.

grounds that one of Yu's 18 claims was not dismissed on Eleventh Amendment immunity grounds.

Yu does not challenge ISU's requested rates of $150 per hour (lead counsel), $125 per hour (associate counsel), and $70 per hour (paralegal).  Yu does argue that the claims in this case were so interrelated that one cannot accurately determine which billed time entries relate solely to the claims dismissed under the Eleventh Amendment.  He proposes that any award should be reduced by 96% of what ISU seeks, but he does not articulate how he arrived at that proportion.

More fundamentally, however, Yu argues that ISU is not entitled to any award of fees at all, contending that none of his claims was unreasonable, frivolous, meritless, or vexatious.  Yu argues that it was not frivolous to pursue his 17 non-Title VI claims in the first instance because he presented the novel argument that Congress had abrogated Eleventh Amendment immunity to *all* claims brought in a Title VI case, rather than only the specific Title VI claims.  He also cites Rule 11 of the Federal Rules of Civil Procedure, which requires an attorney to certify that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[3]  F.R.C.P. 11(b)(2).

In its decision on dispositive motions, this Court dismissed 17 of Yu's claims on Eleventh Amendment immunity grounds.  In doing so, this Court applied United States Supreme Court precedent holding, inter alia, that "[e]ach claim must be examined separately to see if it is

---

[3] The signature of Yu's counsel on the filings related to these claims certifies counsel's belief that the claims and legal contentions are not frivolous, but the Court must examine the issue on its own in this setting.  The issue is not whether Yu raised his claims and arguments in good faith, it is whether the claims and arguments themselves were frivolous or not.

**MDO RE: ISU'S MOTION FOR ATTORNEY FEES – 4**

barred by the Eleventh Amendment" and that statutory abrogation of Eleventh Amendment immunity requires Congress to "unequivocally express[] its intent to abrogate the immunity." Mem. Decision and Order Re Def.'s Renewed MSJ 12 (Dkt. 63).  Thereafter, the Court discussed the statute, 42 U.S.C. § 200d-7, and the ruling in *Alexander v. Sandoval*, 532 U.S. 275 (2001), on which Yu's argument relied, ultimately concluding that neither offered any support to the position Yu put forth.  The Court concluded that the "common sense reading of the plain language" of the statute speaks only to abrogation of Eleventh Amendment immunity to Title VI claims and that the *Alexander* case relied upon by Yu "says nothing at all about the subject." Def.'s Reply ISO Mot. for Att'y Fees 2 (Dkt. 197) (quoting Dkt. 63 at 14).

For purposes of deciding ISU's instant motion, the backdrop of the language of the statute and the inapplicability of *Alexander* is particularly stark.  In other words, there is nothing in the applicable law that would support a claim that Eleventh Amendment immunity does not attach to the claims that were dismissed by the Court.  Under *Karam*, the "result is obvious" that such claims would be dismissed, given that the claims were raised against a party entitled to Eleventh Amendment immunity.[4]  Yu's arguments that Congress had abrogated Eleventh Amendment immunity as to any and all claims brought in Title VI cases were novel, but they do not surmount the fact that they were nonetheless unreasonable and frivolous because they were so plainly refuted by existing law and they did not articulate a cogent justification to change existing law.  Moreover, Yu's argument now that his position on summary judgment was not unreasonable because he was arguing for a change to existing law is at odds with his previously

---

[4] Yu named ISU and "John/Jane Does I through X, whose true identities are presently unknown" in his First Amended Complaint, but he never amended to name any Doe Defendants and such defendants were dismissed by an Order dated October 24, 2018 (Dkt. 135).  The Court's analysis of this issue relies on the fact that the only real defendant involved in the case was ISU.

**MDO RE: ISU'S MOTION FOR ATTORNEY FEES – 5**

framed argument that he was urging an application of existing law rather than a proposed change thereto.

Yu also argues now that it was not frivolous to seek reconsideration of the dismissal of 17 of his claims on Eleventh Amendment immunity grounds because, applying the motion for reconsideration standard, reconsideration was necessary to prevent manifest injustice and that there had been an intervening change in the law. His arguments drew upon a Memorandum Decision and Order in a separate proceeding within the District of Idaho also involving claims against ISU. *See Duffin v. ISU*, 4:16-cv-00209-BLW Dkt. 36 (D. Idaho Dec. 21, 2017). In *Duffin*, ISU was found to have waived its sovereign immunity defense because it "initially chose to defend the claims on the merits in federal court by engaging in discovery, stipulating to extend deadlines, and waiting until the dispositive motion deadline to assert Eleventh Amendment immunity." This, the court concluded, was "a tactical attempt to deny [Plaintiff] his day in Court."

Yu's motion for reconsideration was flawed, however, because it inaccurately described *Duffin* as an intervening change in law. As set out in this Court's decision on Yu's request for reconsideration (Dkt. 72), a "decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], pp. 134–26 (3d ed. 2011)). Moreover, as also described in the decision denying reconsideration, there are key factual distinctions between *Duffin* and this case, including that in *Duffin* the entire case would have been dismissed had the court found ISU entitled to Eleventh Amendment immunity, so ISU's failure to seek such dismissal early in the case meant that the parties had engaged in costly and potentially

**MDO RE: ISU'S MOTION FOR ATTORNEY FEES – 6**

unnecessary discovery. But in this case, ISU's Renewed Motion for Summary Judgment expressly distinguished the Title VI claim from the non-Title VI claims: "ISU Is Immune From Liability On All Of Plaintiff's Claims *Other Than That Brought Under Title VI.*" (Dkt. 55 at 6 (emphasis added).) Thus, even an early invocation of Eleventh Amendment immunity in this case would not have avoided discovery.

Yu's other argument for reconsideration was that this Court should have retained supplemental jurisdiction over his state law claims. But the Court had already dismissed Yu's state law claims as barred by Eleventh Amendment immunity. Yu's only arguments for reconsidering that holding were frivolous, in that the subsequent argument for retaining jurisdiction – which would only apply if the decision on Eleventh Amendment immunity were reconsidered – was also frivolous.

Thus, the Court is persuaded that ISU has shown that Yu's prosecution of his 17 claims that were dismissed on Eleventh Amendment immunity grounds was frivolous. ISU is, therefore, entitled to its reasonable fees spent in defending those claims, under 42 U.S.C. § 1988.

### B. Calculating an award of reasonable attorney fees.

The Court concludes that neither party proposed an appropriate method for calculating reasonable fees. Yu proposes that the requested fee by reduced by 96%, but he does not explain how he arrived at that number or why he thinks it would be reasonable. ISU, which bears the burden to establish reasonableness, proposes that 94% of all of its billed time from case inception until the Order on Reconsideration be awarded, on the basis that the 17 dismissed claims (of 18 total claims) were frivolously prosecuted. ISU says that it is only seeking fees from October 8, 2015 – when it filed its Answer and put Yu on notice of its Eleventh Amendment immunity defense – through the date of the Order on Reconsideration. However, ISU's billing timesheets,

**MDO RE: ISU'S MOTION FOR ATTORNEY FEES – 7**

which are exhibits to the affidavit of counsel submitted with the motion, indicate that over 10 hours were billed prior to October 8, 2015 and this time was included in the total amount calculated.

More fundamentally, the Court is not persuaded that 94% of counsel's efforts prior to the Order on Reconsideration were directly and solely related to the 17 dismissed claims. Additionally, even if somehow 94% of billable time did relate to such claims, expending so much time is not reasonable on claims which ISU argues otherwise were inevitably destined for dismissal on Eleventh Amendment immunity grounds.[5] In short, the Court rejects ISU's proposal to award fees on a pro rata basis based on the number of claims raised.

Further, the billable time entries are generally not descriptive enough to differentiate time spent on the Title VI claim from time spent on the 17 dismissed claims, so an item-by-time task assessment would not be a fruitful exercise. Even so, the Court also finds that an approach that awards ISU fees related only to preparing and arguing its motion for summary judgment and its opposition to Yu's motion for reconsideration would not adequately award ISU for the time it spent defending Yu's frivolous claims.

Instead, in the exercise of its discretion and based upon a consideration of all of the evidence and argument relating to ISU's request for an award of fees, the Court rules that ISU is entitled to an award in the amount of 20% of the total fees incurred from December 1, 2015

---

[5] This calls to mind the very issue that arose in *Duffin* – if ISU delayed seeking dismissal of claims to which immunity under the Eleventh Amendment applied, it would not be reasonable to award fees for such dilatory conduct. But, as discussed *supra*, this case differs from *Duffin* in that here the case – with concomitant discovery – would necessarily proceed regardless of when the 17 claims were dismissed.

**MDO RE: ISU'S MOTION FOR ATTORNEY FEES – 8**

through May 1, 2018.[6]  ISU's filed materials show that the grand total of fees charged during this time period is $124,104.  Twenty percent of this total results in a fee award of $24,820.80.  In finding this to be a reasonable fee, the Court finds also that the requested rates of $150 per hour for lead counsel, $125 per hour for associate counsel, and $70 per hour for paralegal time, are each more than reasonable, based upon the Court's knowledge of prevailing fees for lawyers and paralegals of comparable skill and experience.  Further, the Court finds that an award of 20% of the total fees charged applies the lodestar method for attorney fee calculation as closely as is possible on the facts of this case.  That is, the Court finds that 20% of the total time billed is an accurate, even if potentially conservative, estimate of the time actually and necessarily incurred in defending the 17 frivolous claims.

## IV. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's Motion for Attorney Fees (Dkt. 186) is GRANTED IN PART AND DENIED IN PART.  Defendant is awarded $24,820.80, as described herein.  A Judgment in favor of Defendant shall be entered separately.  In addition to the awarded attorney fees, the Judgment will also reference and include the amount of costs awarded, $5,774.73 (Dkt. 200), based on Defendant's Bill of Costs (Dkt. 187).  The total amount will be $30,595.53.



DATED:  March 26, 2021

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

---

[6] There is no award, however, for any percentage of the fees represented in the $4,325 invoice that contains time prior to October 8, 2015 because ISU said it is not seeking compensation for fees incurred prior to the date it filed its Answer.

**MDO RE: ISU'S MOTION FOR ATTORNEY FEES – 9**